BEN T. REIDY, Administrator, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellee.

No. 42688.

February 5, 1935.

Rehearing Denied September 24, 1935.

See, also, 216 Iowa 415, 249 N. W. 347.

Mosman, Rogers, Bell & Buzard, Stipp, Perry, Bannister & Starzinger, and Gillies & Schaefer, for appellant.

McNett, Kuhns & Brown, and J. C. Pryor, for appellee.

Richards, J.—On March 3, 1931, Kendall Lewis, of whose estate appellant is administrator, was killed at a point in Ottumwa, Iowa, where the railroad tracks of the appellee cross Wapello street. This happened by reason of defendant's train No. 178, going east, striking the rear part of a truck, going south over the crossing, in the seat of which truck decedent was riding. One Charles Hines was driving the truck. The train consisted of a gasoline-electric propelled motor and baggage car and a passenger coach coupled thereto. Appellant in his petition specified several acts and omissions of the appellee, each of which was alleged to constitute negligence. In alleging these specifications appellant set out two ordinances of the city of Ottumwa; one declaring it unlawful to run any train, engine, or cars over any track within the city at a greater rate of speed than six miles per hour; the other ordinance purporting to require appellee to maintain a flagman at the crossing mentioned. The appellant claimed appellee was negligent by reason of violating these ordinances. A third specification was pleaded in an amendment to petition, to the effect that this crossing in question was one where the vision was obstructed to the west and over which a large number of trains were operated on four tracks and was the main artery to the south for vehicles and pedestrians, and alleging that appellee was negligent in failing to provide a flagman at said crossing.

1388

■■■ The first two errors relied upon by appellant for reversal set out that the court erred in instructions No. 1 and No. 4 by failing to include as specifications of negligence to be submitted to and considered by the jury the three specifications above described. Appellee attacks the sufficiency of these two assignments of error, on the ground that, previous to the giving of instructions, the court had sustained appellee's motion to strike from the evidence the two ordinances after they had been offered in evidence by appellant, and on the ground there was not sufficient evidence in the record to warrant the court to submit to the jury any question of negligence growing out of an alleged common-law duty of appellee to maintain a watchman. The record shows that upon appellee's motions, the two ordinances and the issues as to the appellee being negligent by reason of not maintaining a flagman at the crossing on account of the character and nature of the crossing were stricken on appellee's motions before the jury was instructed. Appellee says that the errors, if any, were in the rulings on the motions, and that no error was committed in the instruction; it being the duty of the court to instruct on the record as it stood when the instructions were given. Appellee claims as a consequence that these first two assignments of error fail to point out, as required by Supreme Court Rule 30, any error the court can be said to have committed.

Considering the precedents we find they support appellee's contention. In State v. Chambers, 179 Iowa 436, 161 N. W. 470, 476, the court erroneously excluded defendant's evidence as to certain payments. As to the court declining to instruct the jury with reference to these payments, in the condition of the record just described, this court said:

"If there be no evidence of payment, it is not error to decline a charge on the effect of payment, even if the evidence is absent because it was erroneously excluded. The complaint must be lodged against the exclusion, and not the refusal to instruct."

To the same effect are the holdings in Collins v. Iowa Mfrs. Ins. Co., 184 Iowa 747, 169 N. W. 199, and Peterson v. McManus, 187 Iowa 522, 172 N. W. 460.

The appellant having failed to set out the error, if any, committed by the court, in that he has not assigned as error the rulings on the motions, has not presented under his first two assign-

ments of error any matter for our determination. This is because this court considers only such errors relied upon for reversal as are set out by appellant in compliance with Rule 30 of this court. The rule mentioned requires that the brief of appellant shall contain a short and clear statement, showing, among other things, the errors relied on for reversal.

The third, fourth, and fifth errors relied upon by appellant for reversal set out that the court erred in instruction No. 8 because this instruction withdrew the issue of appellee's duty to maintain a flagman under the ordinance or under the common law or under the evidence showing the necessity for a flagman. These issues had been withdrawn by a previous ruling of the court, and on that account the jury was properly charged not to consider them. The error, if any, was not in omitting from the instructions these issues as we have already above pointed out. Appellant has not complied with Rule 30. The third, fourth, and fifth errors assigned present nothing to this court for determination.

The sixth error relied upon by appellant for reversal likewise presents nothing for determination here, this assignment of error setting out that the court erred in the thirteenth instruction by withdrawing from the jury the consideration of the speed ordinance of Ottumwa. This ordinance likewise had been previously stricken from the record by a ruling of the court upon appellee's motion. The error, if any, was not in the instruction, and the assignment does not comply with Rule 30.

■■■ The seventh, eighth, and ninth errors relied upon by appellant for reversal have reference to instructions 20, 21, and 22, wherein the court set out, quite at length, what acts or omissions on part of Hines, who was driving the truck at the time of the collision, would have constituted negligence on his part.

One particular in which appellant says the court erred is that the negligence of Hines was not imputable to decedent. Whether these instructions imputed such negligence to decedent finds a negative answer in instruction No. 24, wherein the jury is charged, in substance, that the fact of negligence of Hines, if it be a fact, would be no defense, if the jury find the appellee was negligent in one or more respects as submitted for their consideration and find that such appellee's negligence was the proximate cause of the death of deceased.

■■■ The second particular stated by appellant is that the

negligence of Hines and appellee each continued up to the time of the accident and constituted concurrent negligence. Even if there was the concurrent negligence, that fact would not make it erroneous to instruct the jury as to what acts or omissions of Hines would constitute negligence on his part, which is the only subject-matter of the instructions to which this particular is directed.

The third particular states that the instructions were misleading and improper. We are unable so to find, considering them by themselves and in connection with the entire charge to the jury.

The appellee filed a motion to strike the appellant's denial of appellee's additional abstract and appellant's amendment to abstract. This motion was submitted with the case and is now overruled.

The judgment of the court below is affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, and PARSONS, JJ., concur.