RICHARD E. STEVENSON, appellee, v. FLOYD ABBOTT, appellant.

No. 49787.

(Reported in 99 N.W.2d 429)

NOVEMBER 17, 1959.

J. D. Reynolds and Edward T. Harvey, Jr., both of Creston, for appellant.

Thos. E. Mullin and Donald D. Mullin, both of Creston, for appellee.

HAYS, J.—Plaintiff seeks damages for personal injuries alleged to have been sustained when defendant turned his automobile to the left and into his lane of travel; also for damage to the car which he was driving. The car was owned by his em-

ployer, J. I. Case Company, but it is claimed that the claim of the company against defendant was orally assigned to plaintiff prior to the commencement of this action. The jury awarded $5000 and defendant appeals.

I.   Error is assigned in the admission of certain testimony of R. R. Spees, branch manager for the J. I. Case Company. The petition alleged an oral assignment of the claim for damages to the car and plaintiff alleged he was the owner of the claim. Defendant's answer was a general denial. Over defendant's objection a written assignment of the claim, bearing date subsequent to the commencement of the action, was received in evidence. The record then is:

"Q. Now, Mr. Spees, prior to the time plaintiff's Exhibit No. 1 [written assignment] was executed by you, had you orally assigned this cause of action to Mr. Stevenson"? (Objected to as an opinion and conclusion and hearsay as to the defendant.)

"The Court: Overruled. He can answer it. A. Yes we discussed it. We decided that we would transfer it. Q. That was done prior to the time the petition was filed in this case? A. Quite some time ago." Defendant's motion to strike as hearsay was overruled.

The alleged error is that such testimony is hearsay and permitted the jury to find that defendant was responsible to plaintiff for the damage to the car. There is no merit to this claim. Hearsay evidence is testimony in court or written evidence of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility on the out-of-court asserter. Such is not this case. The witness Spees is stating in court, not what someone else did or said out of court, but what he himself did. Such is not hearsay testimony.

II.   The trial court restricted defendant's cross-examination of plaintiff as to whether or not anyone else had an interest in the car, and whether or not the company carried collision insurance. The error is based upon the sustaining of an objection to the following question: "Q. Did they [J. I. Case Company] carry collision insurance on the car"? The defendant then made the following offer of proof, "that if the witness were permitted to answer the question he would have given some

answer in connection with the question propounded to him." Assuming the matter sought to be elicited to be competent and relevant, under the offer made there is nothing upon which error might be based. Such an offer is no offer. See Reynolds & Heitsman v. Henry, 193 Iowa 164, 185 N.W. 67; In re Estate of Heller, 233 Iowa 1356, 11 N.W.2d 586; Kuiken v. Garrett, 243 Iowa 785, 51 N.W.2d 149, 41 A. L. R.2d 1397. Johnson v. Johnson, 245 Iowa 1216, 65 N.W.2d 157, and Eno v. Adair County Mut. Ins. Assn., 229 Iowa 249, 294 N.W. 323, cited by defendant, are not of assistance to him.

III. Plaintiff pleaded permanent back injuries and also permanent injuries to his face and lip. Upon motion, in the absence of the jury, the court struck the claim for permanent back injury. The jury was not specifically informed thereof. No instruction was requested to this effect, however there was a general exception to the instructions as a whole for the failure to so instruct the jury. The trial court, in the statement of issues, set forth the various items of damage claimed by plaintiff, excluding the one for permanent back injury. In Instruction No. 15 the various items of damage submitted to the jury were covered in detail. It is claimed that the error is due to the fact that in the opening statement counsel for plaintiff stated that damages were asked for the permanent back injuries. What was said in the opening statement does not appear in the record. In Reidy v. Chicago, B. & Q. R. Co., 220 Iowa 1386, 1389, 258 N.W. 675, 677, cited by defendant, issues were withdrawn and we said: [The] issues had been withdrawn by a previous ruling of the court, and on that account the jury was properly charged not to consider them." Such an instruction here would clearly have been proper. However, when the instructions are read as a whole we think the matter was sufficiently excluded to foreclose error, in not directly instructing upon the withdrawal, in the absence of a showing of prejudice. Such is not shown.

IV. The defendant filed a counterclaim. In connection therewith, dealing with the question of plaintiff's negligence, there was an instruction upon the question of legal excuse. Error is assigned because there is no pleading of a legal excuse. The answer to that is that such does not have to be pleaded.

Sanford v. Nesbit, 234 Iowa 14, 11 N.W.2d 695; Miller v. Griffith, 246 Iowa 476, 66 N.W.2d 505.

V. In plaintiff's closing argument to the jury, counsel stated: "The first thing he [defendant] will do is file an answer denying everything in the petition. Read the answer which the court will submit to you." Objection was made that it was an argument about the pleadings which are not in the record. The court in its ruling said, "The court submits to the jury a short synopsis of the pleadings and I think it is fair comment to comment on what they are. The jury can see what they are." The court did tell the jury that defendant denied each and every allegation of the petition. We can see no error in this assignment.

VI. Finally, it is asserted that the verdict is excessive. It was for $5000. The record shows a loss to the car of $854; medical expense of $85; loss of wages, $300; he sustained a lacerated face, ear and knee with a resulting permanent scar about the lip. It is self-evident that such injuries caused pain and suffering. The question of what shall be allowed for pain and suffering is clearly the province of the jury and only where the verdict is so large as to show passion and prejudice must have entered into a finding of such magnitude do we find any basis or reason for intervening.

Nothing in this verdict so weighs upon the conscience as would warrant a reduction or a granting of a new trial. Defendant calls our attention to cases where we have held verdicts of $5000 to be excessive. That there may be such we concede, but each case must stand upon its own facts and we find a comparison with other cases to be of little assistance in any particular case.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur.