MARION SLACK, appellant, v. HERMAN L. NEASE, appellee.

No. 51113.

(Reported in 124 N.W.2d 538)

NOVEMBER 12, 1963.

Nichols & Thornell, of Sidney, for appellant.

° Raymond A. Smith of Smith, Peterson, Beckman & Willson, of Council Bluffs, and Edwin Getscher, of Hamburg, for appellee.

SNELL, J.—In an action for damages following an intersection collision of motor vehicles a jury returned a verdict for plaintiff. The trial court sustained a motion by defendant for judgment notwithstanding the verdict and in the alternative (in the event of reversal thereof) sustained a motion for new trial. Plaintiff appeals.

Plaintiff, 73 years old and retired, was, in the early evening of October 3, 1960, driving his 1952 Ford north on Washington Street in Hamburg, Iowa. The street was clear. It was not slippery. He was proceeding slowly. He testified his speed was not over 15 miles per hour. Defendant estimated plaintiff's speed at 20 to 25 miles per hour. Plaintiff attempted a left turn at the intersection of Washington and L Streets. Defendant, the Chief of Police of Hamburg, and driving a city-owned car, approached from the rear. The vehicles collided. Plaintiff suffered damage to his car and injury to his person and sought recovery therefor.

Plaintiff's petition also sought recovery against the city of Hamburg. On motion the trial court dismissed the petition against the city and there has been no appeal from that ruling.

The evidence was not voluminous. Only a brief review is necessary. Plaintiff testified in substance as follows: As he proceeded north on Washington Street he looked in his rearview mirror. He saw two cars behind him. Neither was defendant's car. When about one-half block from the intersection he put out his hand signalling a turn and "had it stuck clear out all the time until the collision." The two cars behind "put brakes on and slowed down" for plaintiff to make his turn and responsive to plaintiff's signal. Plaintiff veered to his left. To what extent, if at all, plaintiff turned prematurely or encroached on the center line of the pavement is a question of fact. Defendant testified that plaintiff turned too soon. Plaintiff testified that he neither heard nor saw any signal by defendant and had no knowledge of defendant's approach until the actual collision.

Two witnesses called by plaintiff testified that they heard the crash and saw the cars after the collision. They furnished no information as to where or why the collision occurred.

Plaintiff's attending physician testified as to his examina-

tion of plaintiff, the extent of his injuries, treatment and prognosis.

Defendant testified in substance as follows: He was on duty in a police car equipped with a red spotlight in front and a siren. He saw a suspected speeder (not plaintiff) traveling 45 to 50 miles per hour and gave chase. Defendant estimated his own speed at 25 to 27 miles per hour. How at that speed he expected to catch a car going 45 to 50 miles per hour does not appear. He passed two cars and pulled in behind plaintiff and followed slowly for a little more than one block. He recognized plaintiff. He saw no signal by plaintiff. Defendant gave no audible signal because "If you pull out behind some people and turn on the siren they have a tendency to throw on the brakes, or some of them actually have a heart attack if you scare them, something like that."

Defendant attempted to pass plaintiff on the left. At that time he was considerably less than 100 feet from the intersection. He said that when plaintiff was 20 or 30 feet south of the intersection curbline plaintiff pulled across the center line of the street to the left. Defendant was unable to stop and the collision followed.

Damage to plaintiff's car totaled $126.09. His expense for medical treatment was $47.40.

Plaintiff suffered a whiplash injury with pain, estimated total disability with pain for about three months and partial disability for another three months.

The case was submitted to the jury with instructions covering plaintiff's specifications of negligence, proximate cause, freedom from contributory negligence and damage. The court submitted a form for a general verdict and also a special interrogatory in the following words: "Do you find that the plaintiff, Marion Slack, was contributorially negligent in any respect?" The jury answered "no" to the special interrogatory and returned a verdict for plaintiff in the sum of $2473.49. This amount was $2300 above plaintiff's actual expense.

On motion the trial court sustained defendant's motion for judgment notwithstanding the verdict and in the alternative "subject to the ruling of the Court on appeal from the ruling

on the Motion for Judgment Notwithstanding the verdict, that the Motion for New Trial be sustained, and the verdict be set aside * * *."

These rulings will be separately considered.

I. Rule 243, Rules of Civil Procedure, provides:

"Any party may, on motion, have judgment in his favor despite an adverse verdict, * * *: * * *

"(b) If the movant was entitled to have a verdict directed for him at the close of all the evidence, and moved therefor, and the jury did not return such verdict, the court may then either grant a new trial or enter judgment as though it had directed a verdict for the movant."

Defendant had made timely motions for directed verdict. The issue on the motion for judgment notwithstanding the verdict was whether the motion for directed verdict made at the close of the evidence should have been sustained. The trial court concluded that the plaintiff's evidence failed to establish actionable negligence on the part of defendant and that plaintiff was contributorially negligent as a matter of law. Our study of the record does not lead us to the same conclusion as reached by the trial court.

Defendant did not see the claimed signal of plaintiff. Defendant said he was driving 25 to 27 miles per hour in pursuit of a car going 45 to 50 miles per hour. He did not sound his siren so as to be entitled to special status as the driver of an emergency vehicle. Factual questions as to compliance with motor vehicle statutes and proximate cause were generated.

There was evidence from which a jury could and did find for plaintiff on the questions of negligence and proximate cause.

II. There was definite evidence that plaintiff gave appropriate signal of his intended turn.

Defendant testified that he did not see plaintiff signal and that plaintiff turned prematurely and encroached upon the left side of the highway. If plaintiff failed to signal or turned left at the wrong time and place he was negligent. Negligence, however, is not necessarily contributory. Unless plaintiff's negligence contributed to the collision it would not bar recovery. Contributory negligence is ordinarily a question of fact for the

jury. Citation of authority is unnecessary. See R. C. P. 344 (f) 10.

While we, if sitting as jurors, might have reached a different factual conclusion we cannot say that as a matter of law plaintiff failed to prove freedom from contributory negligence.

The jury considered the problem of contributory negligence and gave a definite answer to a specific question. While this is a matter of hindsight in now considering the problem before the court on the motion to direct at the close of the evidence, it does indicate that there was an issue of fact upon which a jury could reach a conclusion favorable to plaintiff. The jury not only could but did determine this issue in favor of plaintiff. We are reluctant to interfere.

The problem as to evidence of negligence, proximate cause and freedom from contributory negligence is factual. We conclude that there were factual issues for the jury and that the motions for directed verdict were properly overruled. It follows that under rule 243, Rules of Civil Procedure quoted, supra, the motion for judgment notwithstanding the verdict was without support.

III. The trial court was convinced that the jury verdict did not effectuate substantial justice. For reasons thought peculiarly applicable to a motion for new trial the court in the alternative, and after sustaining the motion for judgment notwithstanding the verdict, sustained defendant's motion for new trial.

Courts should always make every effort to administer justice but disregard for the rules established for orderly procedure leads to chaos more often than to justice. Here the alternative ruling was in derogation of the rule and was an anomaly in the trial court.

Rule 243, Rules of Civil Procedure, supra, sets forth the grounds for judgment notwithstanding the verdict. Rule 244, Rules of Civil Procedure, sets forth grounds for new trial.

Motions for judgment notwithstanding the verdict or in the alternative for a new trial may be filed pursuant to rule 248, Rules of Civil Procedure. This rule says:

964

"Nonwaiver. Any motion may be filed under rule 243 or 244 without waiving the right to file or rely on any other of such motions.

"Motions under rules 243 and 244 may be joined or made separately. If the motion under rule 243 is sustained, the sustaining thereof shall be deemed a denial of the motion under rule 244. Upon an appeal by any party from an order sustaining a motion under rule 243 the supreme court may, if the matter is argued, also review such denial of the motion under rule 244 without the necessity of an appeal therefrom."

The first sentence in this rule, in substance the same as the previous statute, has been the same since July 4, 1943, the effective date of the rules. In 1953 the rule was amended by the addition of the second paragraph. This amendment gave to the Supreme Court under the indicated circumstances the right to review the automatic denial of a motion for new trial without previous specific ruling thereon in the trial court. See Author's Comment, 3 Cook's Iowa Rules Civil Procedure 1962 Pocket Part.

■ This rule by its clear wording gives to the Supreme Court the right to review both the sustaining of the motion for judgment notwithstanding the verdict and the resulting denial of the motion for new trial. The rule does not permit the trial court to sustain both motions or rule in the alternative. The rule says specifically that the sustaining of the motion for judgment notwithstanding the verdict shall be deemed a denial of the motion for new trial.

Under the rule the motion for new trial was automatically denied. If the motion stood denied it could not coincidentally be sustained. The trial court was without jurisdiction to entertain or sustain the motion after sustaining the motion for judgment notwithstanding the verdict. As bearing on loss of jurisdiction by a trial court see McCauley v. Municipal Court, 254 Iowa 1345, 121 N.W.2d 96. The logic back of the rule is obvious. A litigant may not enjoy the fruits of complete victory by judgment notwithstanding the verdict and at the same time have a new trial. He might have one or the other but there is no way to enjoy both at the same time.

IV. The trial court's comments and ruling on the motion for new trial may have been intended as an invitation for us to review and order a new trial. This we may do under rule 248.

In the recent case of Comer v. Burns, 255 Iowa 251, 122 N.W.2d 305, we considered rules 243 and 244. That case involved a claim and counterclaim with a verdict for counter claimant. The trial court sustained plaintiff's motion for judgment notwithstanding the verdict on the counterclaim and also ordered a new trial. A question of pleading rather than sufficiency of evidence was involved. There was no motion for directed verdict. We reversed the order for judgment notwithstanding the verdict and affirmed the ruling granting a new trial. That case is no authority for the problem now before us. In the cited case rule 248 was neither mentioned, argued nor considered. No claim was made that sustaining the motion for judgment notwithstanding the verdict amounted to a denial of the motion for new trial under rule 248. In the case at bar the issue has been squarely presented.

While not the decisive issue it may be noted that in the Comer case there was a claim and counterclaim, with the judgment notwithstanding the verdict applying only to the counterclaim. The trial court set aside the verdict on the counterclaim and ordered a new trial of the whole case. We said, "Ordinarily, where there is a counterclaim a new trial will be granted as to both the petition and counterclaim, not merely as to one. [Citations] * * * For a new trial on both petition and counterclaim the cause is remanded." Pages 260, 261 of 255 Iowa, page 311 of 122 N.W.2d.

V. Instruction No. 13 discussed emergency vehicles and the responsibility of the drivers thereof. Exception was taken thereto. The trial court in considering the motion for new trial thought the instruction was erroneous. What was thought to be error was a statement in almost the exact words of the statute which says: "This provision shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the streets, nor shall it protect the driver of any such vehicle from

the consequence of his negligence." Section 321.296, Code of Iowa. We find no error in the wording or the giving of the instruction.

■ VI. Instruction No. 11 was a standard (stock) instruction on assured clear distance ahead. Section 321.285, Code of Iowa.

Instruction No. 12 instructed the jury in the words of the statute requiring a driver to drive at a careful and prudent speed. Section 321.285, Code of Iowa. Defendant excepted to the giving of these instructions. In the light of the evidence we cannot say that the giving of the instructions was prejudicial error.

We have examined the instructions in their entirety, together with the objections and exceptions thereto. We find no such error as to require a new trial.

■ VII. In connection with the motion for new trial an affidavit from each of the 12 jurors was submitted. The affidavits are in substantial agreement. They state in substance that the jury first determined the question of contributory negligence and that plaintiff should recover from defendant. The jury then discussed damages with different amounts suggested. It was then suggested that each juror write a figure on a piece of paper and that the amounts be averaged for discussion and to determine the thinking of the jury. The result was a figure of about $2300 for pain and suffering. There was no prior agreement to be bound thereby. There was a subsequent discussion and final unanimous agreement that the verdict should be $2300 plus the specific items for car damage and medical expense or a total of $2473.49.

The verdict was attacked and found by the trial court to be a quotient verdict. The proposition has not been argued here.

In Sheker v. Jensen, 241 Iowa 583, 589, 41 N.W.2d 679, we said:

"It is the rule in this state that an agreement of jurors to each vote the amount of damages to be allowed and to divide the sum total by twelve, with no agreement to be bound by the result, followed by further fair and open discussion and the

return of the verdict accordingly, does not constitute a quotient verdict."

It is clear that in the case at bar there was no quotient verdict. Further discussion is unnecessary.

VIII. We find no error in the trial and now argued by defendant-appellee sufficient to justify us in ordering a new trial.

The case is reversed and remanded to the trial court with instructions to reinstate the verdict and judgment for plaintiff. —Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.