ELIZABETH MAZUR, appellant, v. LEWIS RALPH GRANTHAM et al., appellees.

LEO J. MAZUR, appellant, v. LEWIS RALPH GRANTHAM et al., appellees.

No. 51106.

(Reported in 125 N.W.2d 807)

1294

JANUARY 14, 1964.

Richard C. King, of Council Bluffs, and Haney, Walsh & Wall, of Omaha, Nebraska, for appellants.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellees.

THORNTON, J.—This is a rear-end collision case. Plaintiffs, husband and wife, filed separate actions. The actions were joined for trial and so presented here. Plaintiff-husband was the driver and owner of the car involved. Defendants are son-driver and father-owner of the other car involved.

The trial court sustained defendants' motion for judgment notwithstanding the verdict, and in the alternative granted a new trial if we held the first ruling to be erroneous, in the case of plaintiff-husband; in the wife's case a remittitur of all the $14,500 verdict in excess of $6000 under pain of a new trial.

I. Adverting first to the husband's case, in sustaining the motion for judgment notwithstanding the verdict, the trial court stated its reasons, failure to establish actionable negligence and plaintiff was guilty of contributory negligence as a matter of law in stopping on the highway in violation of section 321.354, Code of Iowa, 1958, and plaintiff's negligence was the proximate cause of the collision. Determination of these questions requires an examination of the evidence which the jury was entitled to find viewed in the light most favorable to plaintiff.

The collision occurred October 2, 1959, about 4 p.m. on Highway 275 in Pottawattamie County. Highway 275 runs north and south, it is a black top, two-lane highway, 21 to 22 feet wide, with an intermittent white line indicating the center line. It had been raining and misting prior to the collision. Plaintiff-husband, with his wife beside him, was driving north. He intended to turn into a filling station on the left or west side of the highway to obtain information as to his route. As he approached the driveway to the filling station he slowed down, turned on his mechanical left-turn signal and it was working until the collision. He turned the signal on 300 feet before he reached the driveway and as he prepared to turn on the signal he looked in his rearview mirror and there was nothing coming behind. He could see to the rear about a quarter of a mile. There was traffic approaching from the north in the west lane, four or five cars. Plaintiff waited for this traffic to clear, "from half a minute to a minute", and was struck from the rear by defendants' car. Defendant driver was accompanied by his girl friend. She was seated in the middle of the front seat and they were talking. From the testimony of defendant driver and his passenger, the jury could properly find defendant did not see plaintiff's car until he was within 100 to 150 feet of it, that he first started to pass on the left, saw the oncoming traffic, applied his brakes and hit plaintiff's car at a speed of 20 to 30 miles per

hour. Also from defendant's testimony, it was not then raining or misting, though the pavement was wet, and defendant's vision was in no way impaired by weather conditions. Plaintiff's car was driven forward about 25 feet and defendants' car stopped at or near the point of impact.

█ Running into a car in plain view is evidence of negligence. It is evidence of failure to keep a lookout, of lack of control and speed in violation of the assured-clear-distance statute, section 321.285, Code of Iowa, 1958. Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321. There was evidence of actionable negligence.

█ II. Turning to plaintiff's contributory negligence, defendants' contention is that plaintiff's stopping for a half a minute to a minute to make the left turn is a violation of section 321.354,. Code of Iowa, 1958, and constitutes negligence as a matter of law. This may be true, but if it did not contribute in anyway or in any degree directly to the collision it would not be contributory negligence. See Instruction No. 2.2, Iowa Uniform Jury Instructions. Not every act of negligence of a defendant is a proximate cause nor is every negligent act of a plaintiff contributory negligence. No citation of authority is necessary for the proposition that questions of proximate cause and contributory negligence are generally for the jury; only exceptional cases are decided as a matter of law. See rule 344(f)10, Rules of Civil Procedure. This is not an exceptional case as exceptional is there used. Reasonable minds could logically reach the conclusion plaintiff's negligence (if any) did not in anyway or degree contribute directly to the collision. It is a matter of proximate and remote causation. Assuming so stopping is a violation of section 321.354, Code of Iowa, 1958 (which we do not need to decide to determine this case because the court did instruct a violation was negligence and on contributory negligence), the jury could properly find this violation, plaintiff's presence on the highway in a stopped position, was well known to defendant driver, or in the exercise of reasonable care should have been known to him in time to have avoided the collision. From the pictures in evidence and the testimony, the jury could find defendant had an unobstructed view of the scene of the col-

lision and plaintiff's car for at least a quarter of a mile. The evidence also shows there was ample room for plaintiff to have stopped on the east or right-hand shoulder. In other words, after plaintiff's negligence and position of blocking northbound traffic were known to defendant in time to have avoided the collision, the defendant did not take adequate steps to do so, the jury could then logically find plaintiff's acts were so remote as not to contribute directly in anyway or in any degree to the collision, but that defendant's failure as to lookout, control or speed was the proximate cause of the collision, that once defendant was apprised of the situation the collision would not have occurred except for his negligence.

Defendants rely on Pinckney v. Watkinson, 254 Iowa 144, 153, 116 N.W.2d 258, citing this statement at page 263 of 116 N.W.2d:

"Indeed, the evidence here might well have supported a holding that plaintiff was contributorially negligent as a matter of law, and certainly supports a finding that plaintiff had not established any legal justification or excuse for his stop at that time and place."

This statement must be read with the circumstances of the case and the evidence in mind. In Pinckney the jury found for defendant and against plaintiff. The evidence showed plaintiff stopped on the right-hand side of the pavement with all but two feet of his car off the roadway. He stopped to pick up two boys. The highway behind plaintiff was such the following defendant would not be aware of his stopping until within 150 to 200 feet. The defendant in Pinckney did not have a clear view of the situation in time to avoid the accident, as here. Also in Pinckney is this statement at page 153 of 254 Iowa, page 263 of 116 N.W.2d:

"In the Wemer case [Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1007, 1008, 82 N.W.2d 82] we did say that the statutory prohibition did not contemplate and did not intend to include a 'stop' upon the highway where it is hazardous to proceed, or where the stop is made in response to a traffic command, or where the stop is made in the exercise of due care under the circumstances."

Though such was not submitted to the jury, the evidence here would have sustained a finding the stop was made in the exercise of due care under the circumstances.

In addition to the Wemer and Pinckney cases, supra, defendants rely on Kassela v. Hoseth, 217 Wis. 115, 258 N.W. 340, 342; Gaches v. Daw, 168 Wash. 162, 10 P.2d 1111, 1114; and Northern Indiana Transit v. Burk, 228 Ind. 162, 89 N.E.2d 905, 17 A. L. R.2d 572. Each of these cases is cited and quoted from in the dissenting opinion in Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 1021, 82 N.W.2d 82. The point of the dissent in Wemer was that the stopping in that case (stop by a truck to allow another truck to clear an underpass) required an instruction on section 321.354, Code of Iowa, 1954. The majority opinion held the stop was not within the section.

Of the cited cases, only Kassela v. Hoseth, supra, tends to support defendants, but the fact situation is such it does not assist in determining proximate and remote causation here.

In Danley v. Cooper, 62 Wash.2d 179, 381 P.2d 747 (1963), and Guerin v. Thompson, 53 Wash.2d 515, 335 P.2d 36, the Washington Supreme Court held under a statute similar to our section 321.354 and a statute prohibiting crossing the center lines in a four-lane divided highway except at an established intersection, stopping to make a left turn at a place not so established constituted contributory negligence as a matter of law.

Dromey v. Inter State Motor Freight Service, 121 F.2d 361 (7th Cir. 1941), holds an Illinois statute similar to section 321.354 has no application to a left turn situation. In Alex v. Jozelich, 248 Minn. 27, 78 N.W.2d 440, the Minnesota court held under facts not dissimilar to those before us, the trial court was in error in instructing stopping to make a left turn into a private drive under a statute identical with our sections 321.354 and 321.355 for our purposes was negligence as a matter of law.

It is sufficient here to hold plaintiff's stop for a left turn was made under such circumstances as to present a jury question on contributory negligence. Plaintiff-husband is entitled to have the verdict reinstated unless we are to grant a new trial on defendants' motion.

III. In addition to granting the motion for judgment notwithstanding the verdict, the trial court granted defendants a new trial in the event its ruling on the first motion was erroneous. This ruling is a nullity and the case comes to us under rule 248, Rules of Civil Procedure. The rule provides, in pertinent part:

"* * * If the motion under rule 243 [for judgment notwithstanding verdict] is sustained, the sustaining thereof shall be deemed a denial of the motion under rule 244 [for a new trial]. Upon an appeal by any party from an order sustaining a motion under rule 243 the supreme court may, if the matter is argued, also review such denial of the motion under rule 244 without the necessity of an appeal therefrom."

In Slack v. Nease, 255 Iowa 958, 964, 124 N.W.2d 538, 542, we said, "The trial court was without jurisdiction to entertain or sustain the motion [for a new trial] after sustaining the motion for judgment notwithstanding the verdict."

The parties do argue the motion here so we may properly review it. The arguments, however, are made as though the ruling of the trial court was proper. In In re Estate of Springer, 252 Iowa 1220, 1223, 110 N.W.2d 380, 383, we considered a motion for a new trial after a motion for judgment notwithstanding verdict had been sustained without pointing out such did not conform to the rule. In that case the opinion does show that counsel for both sides requested the ruling by the trial court to complete the record. There we considered the motion as though it had been granted. For the purpose of emphasis only, because it appears quite clear in the opinion, attention is called to Comer v. Burns, 255 Iowa 251, 122 N.W.2d 305. There we considered plaintiff's motion for judgment notwithstanding verdict on defendant's counterclaim and plaintiff's motion for a new trial on his own petition. The motions were not directed to the same cause of action. We there granted a new trial on both petition and counterclaim under the rule that ordinarily where a new trial is to be denied or granted it is to neither or to both. We did not disregard rule 248 in Comer v. Burns, supra.

Plaintiff does not urge the error in the violation of rule

**1300**

248. In view of this and because we may have misled the profession in In re Estate of Springer, supra, and our reasons for handling Comer v. Burns, supra, as we did, may at first glance appear to disregard the rule, we will consider the ruling on the motion for a new trial as having been sustained by the trial court. However, any such rulings made by trial courts after November 12, 1963, the date of the filing of the opinion in Slack v. Nease, 255 Iowa 958, 124 N.W.2d 538, will be considered as of no force or effect and motion for a new trial reviewed by us in accord with rule 248.

IV. In granting defendants' motion for a new trial in plaintiff-husband's case the trial court did so on the grounds there was no competent evidence of loss of consortium, the motion for directed verdict should have been sustained, the amount of the verdict was so excessive and without support in the evidence as to show passion and prejudice and shocks the conscience of the court, for such reasons the verdict does not effectuate substantial justice and a new trial should be granted in the interests of justice. The court went on to sustain each ground and paragraph of the motion. As a practical matter all the grounds urged had been ruled on except on the whole record defendants did not have a fair trial.

At the outset there is competent evidence of loss of consortium. Plaintiff husband is 34, his wife 36. Plaintiff's wife suffered a whiplash injury to her neck as a result of the collision. The injury occurred October 2, 1959, the trial started November 19, 1962, three years later. She was then suffering from a chronic neck ligament sprain, stiffness of the neck from the fourth to the sixth vertebræ, with a bursitis, and inflammation at the upper portion of the left shoulder blade. Her doctors were of the opinion this is a permanent symptom combination and may persist for an indefinite period of time. Defendants' doctor testified, the curve in the neck was changed between the fifth and sixth cervical vertebræ, that plaintiff's wife had a cervical strain or sprained neck. He did not give an opinion as to permanency. The record shows the wife first saw a doctor the day following the accident and is still under treatment. She lost 13 days' working time from her job. In addition

to the neck strain she had an injury to the lower back. The record shows repeated visits to the doctor for treatment during the period between the accident and trial. The wife was regularly employed but testified her neck so pained her near the end of the workday that she would usually go to bed on returning home from work. It was necessary for plaintiff-husband to do the cooking and housework and care for his wife. She no longer enjoyed TV or attending movies with her husband. They were unable to have their evening meal together. In Acuff v. Schmit, 248 Iowa 272, 274, 78 N.W.2d 480, 482, we said, "This court has defined it [consortium] as 'conjugal fellowship of husband and wife; and the right of each to the company, cooperation, affection and aid of the other in every conjugal relation.' "

The record is such as to support a finding the husband has been deprived of the company, cooperation and aid of his wife in a large measure of their everyday life. It does not show her actual affection for him is any less. This condition will continue for an indefinite time. This issue was properly submitted to the jury.

 ██ The trial court thought the verdict excessive. Apparently this was in view of its holding there was no evidence of loss of consortium. In any event we cannot agree. The evidence shows plaintiff's loss as to his automobile was $344. He suffered an injury to his foot and ankle. His medical expense was $105, X-ray expense $8, he visited the doctor 18 times. The first was for a complete examination, the others for his foot. He was able to return to work within two weeks. The ankle still bothers him but he is able to work and bowl. The amount of the verdict was $5500. Outside of the special damages noted the verdict represents the jury evaluation of plaintiff-husband's foot and ankle injury and loss of consortium. Each of these would entitle plaintiff to a reasonable award based on the evidence. Pain and suffering and loss of consortium are both items of damages that are peculiarly for the jury, neither is subject to exact calculation. Here plaintiff's own pain and suffering was not of long duration, but the evidence bearing on loss of consortium is such the jury could properly find not only a substantial loss for the three years before the trial but such loss

would continue into the indefinite future. The members of the jury with their varied experiences are much better able to determine the loss suffered by a husband who has a sick or disabled wife than members of the judiciary. We find nothing in the record to indicate passion and prejudice other than the verdict. As sustaining our view the verdict is not excessive see Kiger v. Meehan, 253 Iowa 746, 755, 113 N.W.2d 743, 749; and Stevenson v. Abbott, 251 Iowa 110, 99 N.W.2d 429.

This leaves for our determination whether defendants are entitled to a new trial in the interests of justice. A fair appraisal of the trial court's ruling is that it placed its ruling on substantial justice upon the grounds just discussed. As urged by defendants, with the citation of two pages of authorities, the trial court has a large discretion in granting a new trial in the interests of justice and its ruling will not be disturbed by us unless it is reasonably clear there was an abuse of discretion. However, this discretion is not unlimited and cannot be arbitrarily exercised. There must be some reason that fairly appears in the record. Coleman v. Brower Construction Co., 254 Iowa 724, 731, 119 N.W.2d 256, 260, 261; and Comer v. Burns, 255 Iowa 251, 259, 122 N.W.2d 305, 311. In each of these authorities there were matters discussed by the trial court which were such that we said we could not hold there was no reasonable ground for the court's action. That is not true here. The only matters separately considered by the court are those previously discussed. The trial court was in error as to these. From a complete examination of the record we do not find any other reason or combination of reasons that indicate a reasonable ground for granting a new trial and defendants do not point to any. This case more closely resembles In re Estate of Springer, 252 Iowa 1220, 110 N.W.2d 380, and Jacobsen v. Gamber, 249 Iowa 99, 86 N.W.2d 147, where the principal reason for the action of the trial court was in error. It follows the jury verdict in the case of plaintiff-husband should be and is reinstated.

V. The trial court ordered a remittitur of the $14,500 verdict in favor of plaintiff-wife of all in excess of $6000 and on failure to so remit granted a new trial. The reasons given

are, the award is so excessive and without support in the evidence as to have been influenced by passion and prejudice and shocks the conscience of the court, and a new trial should be granted in the interests of justice. Also the court again sustained the motion on each ground and paragraph. Again there is nothing in the ruling but the size of the verdict. No other reason is urged to sustain the ruling and we find none.

In considering the size of verdicts we have repeatedly referred to passion and prejudice, shock the conscience, failure to administer substantial justice, the rule of fair compensation, and lack of support in the evidence. See Engman v. City of Des Moines, 255 Iowa 1039, 125 N.W.2d 235; Rauch v. American Radiator & Standard Sanitary Corp., 252 Iowa 1, 104 N.W.2d 607; Ferris v. Riley, 251 Iowa 400, 101 N.W.2d 176; Hamdorf v. Corrie, 251 Iowa 896, 101 N.W.2d 836; Stevenson v. Abbott, 251 Iowa 110, 99 N.W.2d 429; and Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 82 N.W.2d 82. See also 48 Iowa Law Review, pages 649–665. It seems fundamental the most important of these is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question.

The plaintiff-wife, as indicated, suffered a whiplash injury to her neck and lower back. The neck injury will continue for an indefinite future time as well as the pain incident to it. Plaintiff's medical and hospital expense shown at the trial is $1036.10. Plaintiff's loss of time was thirteen working days. She has worked continually at the same employment she had before. However, she is still under the care of a physician. Since the accident she has repeatedly taken treatments, oral medication and hypodermic medication for pain. She took surgical neck traction treatments for a period of just less than two years. The record is that she is in daily pain, this occurs usually at the end of the workday and she goes to bed on reaching home each day. She experiences pain also from moving her

head, particularly to the left, from lifting and bending and from a change in the weather. She loses sleep due to this pain. **There** is no medical testimony in anyway contrary to plaintiff's version of her constant pain. Defendants' doctor expressed no view to the contrary and did not give an opinion as to future pain. Under the record the jury could properly find the plaintiff had suffered pain everyday since the collision and would continue to do so for an indefinite future period. Though she was able to work and suffered no permanent loss in connection with her employment, the evidence does support a finding her ordinary daily activities were and will be greatly curtailed.

 Pain and suffering are peculiarly for the jury, so is a permanently injured neck. There is no proper basis to say pain is worth so much a day. There is support in the evidence for a substantial award. The verdict is within the fair range of the testimony. For us to interfere merely substitutes our judgment for that of the jury, this should be done with extreme caution.

The question of substantial justice in granting a new trial in the wife's case is the same as in the husband's. No reason appears for the court's action other than the size of the verdict. Defendants urge no other to sustain the ruling and we find none.

Both cases are reversed and remanded with directions to reinstate the verdict and render judgment accordingly in each case.—Both cases are reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.