Cherie B. BURKIS, Plaintiff–Appellee,

v.

CONTEMPORARY INDUSTRIES MID-WEST, INC., Defendant–Appellant.

No. 87–1447.

Court of Appeals of Iowa.

Nov. 29, 1988.

Gerry M. Rinden and Andrew W. Johnson of Wintroub, Rinden & Okun, Des Moines, for defendant-appellant.

Fred L. Dorr and Mark Marcouiller of Wasker, Sullivan & Ward, Des Moines, for plaintiff-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

The plaintiff, injured by an intoxicated driver, sued the owner of the dram shop where the intoxicated driver had purchased beer. The jury awarded plaintiff damages of $1,375,000. On appeal, defendant contends the amount of the verdict was excessive in light of the evidence concerning the plaintiff's injuries and recovery. Defendant also claims it is entitled to a new trial because the plaintiff presented improper rebuttal evidence.

The plaintiff was injured when an intoxicated driver crashed into her car. She recovered from many of her injuries, but she has a permanent limp due to a pelvic fracture. In addition, there is a factual dispute about whether she has suffered permanent brain damage as a result of the impact or from low blood oxygen levels after the accident due to shock or heart and lung contusions. In support of permanent brain damage, plaintiff agrees she has experienced personality changes, memory loss, deteriorating job performance, and possible loss of IQ points. Defendant claims that the plaintiff's brain damage is less severe in that she is still employed in her former job as a registered cardiac technician and she is able to live alone and independently.

The plaintiff filed the present dram shop action against the owner of a 7–Eleven convenience store where the intoxicated driver had purchased beer. The suit was tried to a jury and the plaintiff was awarded a verdict and judgment for $1,375,000.

On appeal, our review is for correction of errors at law. Iowa R.App.P. 4. Findings of fact are binding upon the appellate court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

I. Defendant contends the trial court abused its discretion and committed error in overruling defendant's motion for a new trial. Defendant claims it is entitled to a new trial for two reasons: A) the jury's verdict of $1,375,000 was excessive in that it was the result of passion or prejudice and not supported by substantial evidence; and B) the rebuttal testimony of George Woods and Dr. Steven Zorn was improperly admitted.

A. The Iowa Supreme Court recently summarized Iowa law regarding jury verdicts in *Sallis v. Lamansky*, 420 N.W.2d 795, 799 (Iowa. 1988). The court said:

Our case law shows that we have been loath to interfere with a jury verdict. In considering a contention that the verdict is excessive, the evidence must be viewed in the light most favorable to the plaintiff. *DeBurkarte v. Louvar*, 393 N.W.2d 131, 139 (Iowa 1986). Fixing the amount of damages is a function for the jury. The court should interfere only when the damage award is "flagrantly excessive or inadequate, so out of reason so as to shock the conscience, the result of passion or prejudice, or lacking in evidentiary support." *Harsha v. State Sav. Bank*, 346 N.W.2d 791, 799 (Iowa 1984). We have stated that the most important of these reasons is whether there is support in the evidence. *Miller v. Young*, 168 N.W.2d 45, 53 (Iowa 1969) (quoting *Mazur v. Grantham*, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813–14 (1964)). A verdict should not be set aside merely because the reviewing court would have reached a different conclusion, although the court "has inherent power to set aside a verdict which fails to do substantial justice between the parties." *Moore v. Bailey*, 163 N.W.2d 435, 436 (Iowa 1968).

The evidence shows that plaintiff Cherie Burkis was driving her Volkswagen automobile home from work on the night of July 22, 1985, when a green Ford van crossed the center line and collided with her car. The van was traveling at an estimated speed of 60 to 65 miles per hour. The driver, Refugio Ruiz, was found to be

highly intoxicated at the time with a blood-alcohol level of .49.

Ruiz admitted being the driver of the van and that he had been drinking since 2:00 or 3:00 that afternoon. Ruiz personally went to the 7–Eleven Store at 22nd and University two or three times that day. He said he actually purchased beer only once at approximately 9:30 or 10:00 p.m. He admits being drunk at that time.

As a result of the accident, Cherie sustained seven broken ribs, multiple fractures to her pelvis, multiple facial lacerations, a partially amputated left ear, back injury, left arm disfigurement, and subsequent foot problems. In addition, evidence of brain damage was presented to the jury.

Plaintiff argues that the following "specials" or fixed damages were established:

| | | |
|---|---|---|
| 1. | Volkswagen Auto | $ 2,300 |
| 2. | Past Medical Expense | 32,363 |
| 3. | Future Plastic Surgery Expense | 25,000 |
| 4. | Past Lost Earnings | 15,307 |
| 5. | Loss of Future Earning Capacity | 133,069 |
| 6. | Future Psychotherapy Expense | 48,000 |
| 7. | Future New Medical Rehabilitative Expense | 118,800 |
| | Total Fixed Damages | $374,839 |

In addition, plaintiff relies on testimony by various witnesses to show the extent of the brain damage. Observations of a changed personality and slackening work habits, combined with the plaintiff having experienced memory loss and continuing headaches, were all offered to show permanent brain damage.

There is no doubt that plaintiff has suffered great pain as a result of this accident. Cherie was hospitalized from July 22, 1985, to August 14, 1985, following the accident. Her condition was described as critical for the first several days. She was rehospitalized from August 29, 1986, through September 6, 1986, for back injuries which were the result of this car accident.

After the first discharge from the hospital, Cherie recuperated at home for four months. She then began a series of visits to the plastic surgeon which continue to this day. Also, she has visited the Mercy Pain Center.

Cherie went from a healthy, ambitious, self-sufficient individual to a deeply depressed and often irritable person. Evidence shows a loss of mental functions. She began making mistakes at work and became very unreliable after the accident. Cherie had been an EKG technician for over fifteen years, but now she faces termination from both her jobs. Her overall condition was described as deteriorating. Cherie was only forty years old at the time of trial.

The jury is allowed to consider the changes to Cherie's life in addition to her fixed damages outlined previously. The law recognizes damages for disability of mind and body, impairment of physical functions, and deprivation of mental powers. *Schnebly v. Baker*, 217 N.W.2d 708, 726 (Iowa 1974). This category of damages is separate and distinct from impairment of earning capacity and was properly considered by the jury.

Considering the evidence in the light most favorable to the plaintiff, there is sufficient evidence to support the $1,375,000 jury verdict. The jury was asked for an award of $1,624,839, but delivered somewhat less. The verdict is not so flagrantly excessive as to be the result of passion or prejudice. Therefore, we find no abuse of discretion in denying defendant's motion for a new trial based on the excessiveness of the jury's verdict.

B. On the question of rebuttal testimony, defendant asserts the trial court abused its discretion in denying defendant's motion for a new trial based on improper testimony by George Woods and Dr. Steven Zorn. These two witnesses were allowed to testify after defendant's witnesses. This allowed the jury to hear plaintiff's version one last time before deliberating. Defendant contends Woods added nothing new to the evidence previously received and Dr. Zorn impermissibly expanded the scope of the evidence. The combined effect of this testimony was prejudicial to the defendant because it placed undue weight upon the testimony rendered.

Considerable discretion is lodged in the trial court in determining what rebuttal evidence should be received. *Blakely v. Bates,* 394 N.W.2d 320, 324 (Iowa 1986). "The fact that testimony might have been useful and usable in the case in chief does not necessarily preclude its use in rebuttal." *Id.* "The trial court has discretion as to the order of receiving testimony and to permit in rebuttal evidence which might have been offered in chief." *Robson v. Barnett,* 241 Iowa 1066, 1071, 44 N.W.2d 382, 384 (1950).

■ Woods was one of the three people in the van prior to its collision. Ruiz and another man named Flores testified during plaintiff's case in chief that Ruiz was the driver at the time of the accident. There was some dispute about this fact because Ruiz was found in the back of the van semi-conscious and with a blood alcohol level of .49. Defendant's witness, Dr. Baughman, testified that Ruiz, with that high an alcohol content, would not have had the physical capacity to drive nor to fake that he was passed out in the back. Therefore, Woods' testimony was proper to show that Ruiz was in fact driving at the time.

Furthermore, Woods was not a surprise witness. He had been subpoenaed and defendant knew Woods would testify if he could be found. There was no abuse of discretion allowing Woods to testify in rebuttal.

■ Dr. Zorn testified on rebuttal because the defendant's pulmonologist was not retained by defendant nor offered for deposition until the eve of trial. This was after defense counsel deposed plaintiff's expert, Dr. Bakody. Due to the late date, there was no abuse in allowing Dr. Zorn to testify. Furthermore, Dr. Zorn was used to rebut the attack on Dr. Bakody's credibility and his testimony about oxygen levels in the blood and its impact on brain functioning. No abuse of discretion is found. Therefore, we find no error by the trial court in denying defendant's motion for a new trial.

II. The defendant contends the trial court erred in denying defendant's motion

for remittitur because the amount awarded was not justified by the evidence and was clearly excessive. We disagree.

"If the verdicts are the result of passion and prejudice a new trial should be granted, but if they are merely excessive because not supported by sufficient evidence even in the absence of passion and prejudice justice may be effectuated by ordering a remittitur of the excess as a condition for avoiding a new trial." *Schmitt v. Jenkins Truck Lines, Inc.,* 170 N.W.2d 632, 659 (Iowa 1969) (rev'd on other grounds). We have already established that the verdict is supported by sufficient evidence. There is ample evidence of the injury and resulting pain and suffering and disability to support a verdict of $1,375,000. *See Gail v. Clark,* 410 N.W.2d 662, 675 (Iowa 1987).

"Certainly where the verdict is within a reasonable range as indicated by the evidence the courts should not interfere with what is primarily a jury question." *Mazur v. Grantham,* 255 Iowa 1292, 1302, 125 N.W.2d 807, 814 (1964). Pain and suffering are peculiarly for the jury as is a permanent injury. *Id.,* 255 Iowa at 1303, 125 N.W.2d at 814. We feel substantial justice has been served by this verdict. We find no abuse of discretion in denying defendant's motion for remittitur. Therefore, we affirm the trial court's denial of motions for new trial and remittitur.

AFFIRMED.