**Pollyanna FISH and Kevin B. Broders, Plaintiffs–Appellants,**

**v.**

**Lisa CARSTENS and James W. Carstens, Defendants–Appellees.**

No. 88–289.

Court of Appeals of Iowa.

Jan. 26, 1989.

William J. Bribriesco, of Bribriesco & Bribriesco, Bettendorf, for plaintiffs-appellants.

John P. Harris, of Bozeman, Neighbour, Patton & Noe, Moline, Ill., for defendants-appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

In this appeal in a personal injury action we address plaintiffs' contentions the trial court should not have reduced their jury awards.

Plaintiffs were injured in September 1983 when a car driven by defendant James Carstens and owned by defendants ran into the motorcycle on which plaintiffs were riding. Defendants admitted liability for the accident. There was evidence plaintiff Pollyanna Fish, who was twenty-three years old, was treated by her family doctor on the day of the accident, and commencing October 3, 1985 consulted with an orthopedic surgeon. She had an injury to her left knee. She experienced swelling and discomfort. The orthopedic surgeon performed arthroscopic surgery on the knee. Pollyanna engaged in rehabilitation therapy. She took six weeks from her work as a cosmetologist. Her doctor testified she had a five percent impairment of the lower extremity and she would have future medi-

cal costs to recheck the knee for two or three years of $50 to $150 per year.

As to Pollyanna, the jury returned the following verdict:

1. Reasonable value of necessary hospital and doctor charges and other medical services from the date of injury to the present time. $3,501.00.

2. Present value of reasonable and necessary doctor charges which will be incurred in the future. $3,801.00.

3. Reasonable value of lost wages from the date of injury to the present time. $562.80.

4. Present value of loss of future earning capacity. $6,500.00.

5. Loss of function of the body from the date of injury to the present time. $945.00.

6. Present value of future loss of function of the body. $6,000.00.

7. Physical and mental pain and suffering from the date of injury to the present time. $1,000.00.

8. Present value of future physical and mental pain and suffering. $6,000.00.

Total $28,309.80

Kevin, age twenty-two, was treated for an abrasion on his leg on the day of the accident. The next day he went to a chiropractor who has treated him for an aggravation of a congenital scoliosis from the time of the accident through the trial date on November 23, 1987. The chiropractor determined he sustained a permanent partial disability of between five percent to ten percent of the whole body. Half of the disability was attributed to the accident. He complained of neck and back pain. He had medical expense at trial date of $1,022, and the testimony was he would need continued chiropractic treatment.

As to Kevin, the jury returned the following verdict:

1. Reasonable value of necessary hospital and doctor charges and other medical services from the date of injury to the present time. $1,022.00.

2. Present value of reasonable and necessary doctor charges which will be incurred in the future. $480.00.

3. Present value of loss of future earning capacity. $0.00.

4. Loss of function of the body from the date of injury to the present time. $303.00.

5. Present value of future loss of function of the body. $7,000.00.

6. Physical and mental pain and suffering from the date of injury to the present time. $808.00.

7. Present value of future physical and mental pain and suffering. $7,000.00.

Total $16,613.00

▮ The trial court concluded the highest award that could stand was $17,000 for Pollyanna and $9,000 for Kevin and ordered a new trial unless plaintiffs filed a remittur of the amounts over these figures.

In *Sallis v. Lamansky*, 420 N.W.2d 795, 799 (Iowa 1988), the Iowa court said:

Our case law shows that we have been loath to interfere with a jury verdict. In considering a contention that the verdict is excessive, the evidence must be viewed in the light most favorable to the plaintiff. *DeBurkarte v. Louvar*, 393 N.W.2d 131, 139 (Iowa 1986). Fixing the amount of damages is a function for the jury. The court should interfere only when the damage award is "flagrantly excessive or inadequate, so out of reason so as to shock the conscience, the result of passion or prejudice, or lacking in evidentiary support." *Harsha v. State Sav. Bank*, 346 N.W.2d 791, 799 (Iowa 1984). We have stated that the most important of these reasons is whether there is support in the evidence. *Miller v. Young*, 168 N.W.2d 45, 53 (Iowa 1969) (quoting *Mazur v. Grantham*, 255 Iowa 1292, 1303, 125 N.W.2d 807, 813–14 (1964)). A verdict should not be set aside merely because the reviewing court would have reached a different conclusion, although the court "has inherent power to set aside a verdict which fails to do substantial justice between the parties." *Moore*

*v. Bailey*, 163 N.W.2d 435, 436 (Iowa 1968).

We find there is evidence in the record to support the verdict.

We reverse the trial court's order for a remittitur or a new trial. We remand for entry of a judgment in accordance with the jury's verdict.

REVERSED AND REMANDED.