**Harry J. WOOD, Jr., Plaintiff,**

v.

**S. & L. COMPANY OF DES MOINES,
a Corporation, Defendant.
Civ. No. 4-1118.**

United States District Court
S. D. Iowa,
Central Division.

March 29, 1962.

Judgment affirmed 8. Cir., 323 F.2d 322.

Leo Ballard and J. R. McManus, Des Moines, Iowa, for plaintiff.

Samuel G. O'Brien and LeRoy R. Voigts (of Parrish, Guthrie, Colflesh & O'Brien), Des Moines, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is before the Court upon defendant's motions for judgment notwithstanding the verdict or for new trial.

This matter was tried to a jury and verdict returned for the plaintiff in the amount of $30,000.

Plaintiff, Harry J. Wood, Jr., sustained injuries when he fell down an elevator shaft in a department store operated by the defendant, S. & L. Company of Des Moines. The accident occurred at about 2:30 o'clock p. m., on March 21, 1960. At that time plaintiff, an employee of the 7-Up Company, had serviced a beverage machine in the rear of the department store and was about to leave by using what has been called a freight elevator. He pushed the button to summon the elevator and after waiting a few moments opened the elevator door and proceeded to enter. At the time plaintiff was opening the elevator door a friend hailed him with a friendly greeting to which plaintiff responded by turning his vision away from the elevator entrance and waving to his friend and at the same time entering through the elevator door. The elevator was not at that floor and plaintiff fell about 15 feet down the shaft to the elevator pit just below the basement level. Plaintiff sustained injuries to his neck, shoulder, pelvis and wrist which required hospitalization and for which damages were claimed herein.

This Court submitted to the jury for their consideration three allegations of negligence as follows:

"That the defendant was negligent in one or more of the following particulars * * *:

"(a) In failing to have the elevator, elevator opening and machinery connected therewith constructed, guarded, equipped, maintained and operated so as to be safe for the purpose for which it is used. (Section 104.1 Code of Iowa, 1958 [I.C.A.])

"(b) In failing to have the doors of the elevator equipped with locking device which would prevent the opening of the elevator door (except by key or special mechanism) unless the car is standing at the door. (Sec-

tion 104.4 Code of Iowa, 1958 [I.C.A.])

"(c) In failing to have proper light about the elevator, the shaft and appurtenances thereto."

In connection with (b) above, the Court also submitted to the jury the issue of whether the elevator in question was being used as a passenger elevator. Hull v. Bishop-Stoddard Cafeteria, 1947, 238 Iowa 650, 681, 26 N.W.2d 429, 446–447; Boles v. Royal Union Life Ins. Co., 1935, 219 Iowa 178, 257 N.W. 386, 96 A.L.R. 1400.

In its written motion for judgment notwithstanding the verdict defendant contended: "There was no evidence of negligence on the part of the defendant S. & L. Company of Des Moines." Defendant did not urge this matter in its oral argument. During the trial the defendant admitted for the record that "on March 21st, 1960 and at all times prior thereto, the elevator doors on the elevator on the main floor of defendant's S. &. L. of Des Moines store, the elevator in question in the litigation, could be opened by a person standing outside of the elevator by reaching through an opening in the door and releasing the bar latch located on the inside of the elevator; and that this could be done whether the elevator was at the main floor or first floor, as it is sometimes referred to, or not; and that defendant S. & L. of Des Moines was aware of this fact on or before March 21st, 1960, and at said time controlled and maintained the elevator."

It is the view of the Court that the evidence strongly supports the allegations of negligence submitted and in any event it was for the jury.

The only ground for granting a judgment notwithstanding the verdict urged upon the Court in oral argument is that "the plaintiff failed to prove freedom from contributory negligence." This is the only ground which requires discussion herein. Defendant cited some sixteen cases from various jurisdictions in its brief on this point. Defendant contends vigorously that this Court should have ruled as a matter of law that the plaintiff was guilty of contributory negligence.

In Hull v. Bishop-Stoddard Cafeteria, 238 Iowa 650, 685, 26 N.W.2d 429, 448–449, the Iowa Supreme Court said: "The issue of freedom from contributory negligence was a question of fact for the jury as to both defendants. It is usually so. Indeed, this court has uniformly and repeatedly held that it is the rare and exceptional case when that issue is a question of law." But the defendant urges that where the elevator door is closed and a person opens the same and enters without looking to determine if the elevator is there, that person is guilty of contributory negligence as a matter of law. This is an important factor and as the Iowa Supreme Court said in Hull v. Bishop-Stoddard Cafeteria, supra, 238 Iowa 650, at pages 688–689, 26 N.W.2d 429, at page 450, "[a] closed or partly closed elevator door is construed as a warning or a notice to investigate. But an open elevator door is uniformly regarded as an invitation to enter."

We must look at the facts in each case before determining the issue of contributory negligence as a matter of law. In the instant case plaintiff commenced his employment with 7–Up Company on November 1, 1959, approximately 5 months prior to the accident. As a downtown route salesman he delivered 7–Up beverage to the defendant's premises once a week. The freight or service entrance to defendant's building which plaintiff used, consisted of an alley entrance from a loading platform about 3½ feet from street level. The doorway consisted of a split door[1] which opened into a freight elevator. This door could not be opened unless the elevator was at the platform level. It was plaintiff's practice to enter, take the elevator to the first floor (about 3½ feet down) depart from the elevator and check the beverage machine about 25 feet away. He would then collect the empty cases, enter the elevator, ride up

1. Horizontal split—opened by pulling down on lower half.

3½ feet to the alley platform, and return the empty cases to his truck. He would then secure the required cases of beverage from his truck, return to the main floor using the elevator in a manner similar to his original entrance. After depositing the beverage at the self-serve machine he would collect for the beverage delivered from the business office which was located on a balcony reached from the main floor by steps. On the day of the accident plaintiff followed the foregoing routine in servicing the beverage machine. After collecting for the goods delivered, plaintiff approached the elevator entrance on the main floor for the purpose of taking the elevator up about four feet to the alley entrance. The elevator entrance at the time was closed. The doors consisted of two vertical halves, the left half of which (as you faced the door from the outside) had an aperture approximately 4" x 5" which was located on the left in the upper portion of the door. To open the door you had to reach through this aperture and push up on an arm latch and then you could open the door by sliding the door sideways to the right. The elevator cage itself was open on both the front and rear sides, the only doors thereto being in the walls enclosing the shaft. Plaintiff pushed the button for the elevator, waited about ten seconds, started to open the door of the elevator when "I heard a voice holler 'Hi Jim' and I turned and waved at the same time I stepped into the elevator." The elevator cage was not there and plaintiff fell to the pit just below the basement floor. Plaintiff testified that he waited the usual time after pushing the button for the elevator and that on all previous occasions when he opened the door the elevator was there, that he thought there was a safety device which held the doors closed until the elevator was there. He never looked into the elevator shaft before falling, his head was turned away as he stepped in.

This Court instructed the jury that the burden was on the plaintiff to prove by a preponderance of the evidence his freedom from contributory negligence and in this connection instructed further as follows:

"You are instructed that it is the law of this state that no person is entitled to recover damages caused by an accident to which his own negligence in any way or in any manner directly contributes. This law is applicable to the plaintiff in this case.

"It is for you to determine from all of the evidence presented in this case whether or not the plaintiff, in the manner in which he attempted to use the elevator at the time of the accident, was guilty of any negligence or failure to use ordinary care, which in any way or in any manner directly contributed to the accident.

"The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger. A person is required to make reasonable use of his faculties of sight, hearing and intelligence to discover dangers and conditions of dangers to which he is or might become exposed."

■ Without reviewing each item of evidence on this issue the Court is of the opinion that all of the facts and circumstances created a jury question. None of the cases cited by defendant included all of the circumstances present herein. The fact that the elevator doors at the alley entrance would not open unless the elevator was standing at the door may well have been considered by the jury in weighing plaintiff's conduct in assuming the same was true of the main floor elevator door. There was no evidence of any warning signs to the contrary. The jury was entitled to consider plaintiff's testimony that the elevator was always there when he opened the door and his belief that the doors could not be opened unless the elevator was there. This Court cannot say that this is the rare and exceptional case where the issue of contributory negligence is a question of law. The motion for judgment notwithstanding the verdict will be denied.

The only matter which defendant raises in its motion for new trial that the Court will discuss involves the allegations that the verdict was excessive and that plaintiff's counsel was guilty of misconduct in interrogating witnesses and arguing to the jury regarding matters the Court had ruled should not be gone into by plaintiff. The single matter presented to the Court in oral argument was the matter of alleged misconduct of counsel.

■ The verdict of the jury was substantial. However, taking the evidence in this respect most favorably to the plaintiff this Court cannot say the verdict was excessive and contrary to the evidence. Fredrickson v. Heline, 1960, 252 Iowa 92, 106 N.W.2d 74; Tucker v. Tolerton & Warfield Co., 1957, 249 Iowa 405, 86 N.W.2d 822.

■ During the course of the trial the Court ruled that plaintiff would not be permitted to offer any evidence of changes that were made in the elevator door after the accident, and specifically warned plaintiff's counsel not to bring up this matter in argument. Defendant claims that counsel violated this admonition of the Court in final argument to the jury. In rebuttal argument, counsel for the plaintiff made some reference to the lack of gates in the forepart of the elevator, as contrasted to the gate portrayed in a photograph which was in the rear part of the elevator. This photograph was received in evidence without objection. It is now conceded that the gate shown in the elevator was not placed therein until after the accident. The Court does not consider this reference to the photograph to be sufficiently prejudicial to warrant a new trial. No direct reference was made to any change after the accident. Under the circumstances the Court does not consider counsel violated the Court's admonition.

The questioning by counsel for the plaintiff which is now complained of took place out of the presence of the jury. The Court does not recall any instance where plaintiff's counsel attempted to interrogate witnesses regarding matters forbidden by the Court.

The motion for new trial will be denied.

It is ordered that defendant's Motion for Judgment notwithstanding the verdict is denied.

It is further ordered that defendant's Motion for new trial is denied.