**Hilliard H. TURNER, and Eldora V. Turner, Appellees,**

v.

**Mildred Ola JONES, Appellant.**

No. 55977.

Supreme Court of Iowa.

Feb. 20, 1974.

Dennis F. Chalupa and Brierly, McCall & Girdner, Newton, and John H. King, Des Moines, for appellant.

Tomasek & Vogel, Grinnell, for appellees.

Heard before MOORE, C. J., and MASON, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals a plaintiff's verdict in a personal injury suit for severe whiplash injuries suffered in a rear-end automobile collision. We affirm.

Two southbound automobiles collided on an Iowa highway south of Grinnell. Defendant's vehicle struck the rear of plaintiff's vehicle. This appeal involves only the claim of Hilliard H. Turner (plaintiff). No question is presented on appeal as to the sufficiency of the evidence to show defendant's negligence or that it was a proximate cause of the accident. The jury awarded plaintiff $75,000 in his action for damages. On appeal defendant assigns various errors, emphasizing her claim the verdict is excessive. We shall discuss all other assignments before taking up the claim of excessiveness.

I. Defendant urges she was entitled to a new trial because after trial she learned of a relationship between plaintiff's counsel and a member of the jury. According to an affidavit submitted with the motion for a new trial Nellie Shook, who served on the jury, regularly did custodial and cleaning work for plaintiff's lawyers. No record was made of the vior dire examination of prospective jurors. But we gather from the trial court's recollection, as disclosed in the ruling on defendant's motion for a new trial, the juror did not deceive defendant's counsel. She stated she could be fair and impartial. She stated she knew both plaintiff's lawyers and stated they had done legal work for her. However she simply was not asked if she was employed by plaintiff's counsel. She did not volunteer the fact of her part time employment and it was apparently unknown to defendant's counsel until after the case was submitted to the jury.

While we do not commend plaintiff's counsel for failing to volunteer the information at the time we are nonetheless convinced the trial court should not be reversed for denying the motion. The juror was not challenged for cause under rule 187(f), Rules of Civil Procedure, nor is it suggested she could have been. She was not then an employee of the plaintiff nor a client of his counsel.

The situation does not approach misconduct or irregularity on the part of the juror. We certainly cannot judicially note a law firm's cleaning woman would necessarily be influenced toward the firm's client. Even when jury misconduct is shown it is not enough. There must appear also the reasonable probability such misconduct influenced the verdict. In re Estate of Cory, 169 N.W.2d 837 (Iowa 1969). In any event the failure of defendant's counsel to question the juror

on the subject waives any objection. All challenges, both those known and those which could have been ascertained by questioning, are waived if no challenge is made before the jury is sworn. State v. Grove, 171 N.W.2d 519 (Iowa 1969).

II. Defendant claims and plaintiff denies an improper remark was made by plaintiff's counsel. Final arguments were not reported. No bystander's affidavits were submitted. No offer of proof was tendered. We gather from the motion for new trial, the resistance, and the trial court's ruling that plaintiff's counsel was interrupted during argument. An objection to plaintiff's argument was sustained and the jury was admonished to disregard it. The trial court in the post trial ruling conceded the objection could have been overruled.

 For want of record we have nothing to review. Remarks must be preserved in some manner for us to pass upon them and it is the burden of the objecting party to attend such preservation. See State v. Means, 211 N.W.2d 283 (Iowa 1973).

██ If there had been prejudicial error in the remarks they were cured by the admonition given by the trial court. Ordinarily where a trial court in response to requests promptly admonishes the jury to disregard an improper argument there is no prejudicial error. Stingley v. Crawford, 219 Iowa 509, 258 N.W. 316.

██ III. In separate assignments defendant complains of two instructions. As to one the assignment must be ignored. The complaint against instruction 21 was not argued or supported by citations in either her brief or reply brief. It is waived. See Olson v. Olson, 180 N.W.2d 427 (Iowa 1970).

The trial court substantially gave as its instruction 28 Iowa Uniform Jury Instruction 1.10 which informs the jury of how they should consider inpeachment testimony. It defined the subject by the following introductory paragraph:

"Evidence has been introduced purporting to show a written statement made out of court by the plaintiff Hilliard H. Turner which it is claimed is materially at variance from the testimony given by him in this case. This is one of the recognized forms of impeachment."

Defendant's requested instruction actually varied from the one given only by substituting the term "a sworn statement" for the term "a written statement." Defendant in attempting to show plaintiff was a malingerer relied heavily on an Iowa driver's license application which was signed and verified by plaintiff sometime after the accident. See section 321.182, The Code. The application form posed the question: "Have you any mental or physical disabilities?" It was checked "no." Defendant maintains the uniform instruction should have been amended so as to designate the prior statement as sworn rather than written. We believe it was not error for the trial court to refuse to do so.

We are not involved with a request to compare a simple writing with a verified writing. There was no request for such a comparison. Nor was there a request to define a verification or sworn statement. The effect of giving the instruction would merely have narrowed the class of writings which could be considered for impeachment. It would have implied all unsworn writings fell short of a basis for impeachment.

Here of course the alleged statement was both written and sworn to. But defendant was in no way harmed by the use of the accurate and broader description. The instruction given was perhaps more favorable to defendant than the one requested. A witness might be discredited by a prior written inconsistent sworn statement. A party seeking to impeach such a witness loses nothing if the jury is not told such a prior writing had to be sworn to.

██ In any event the instruction was a proper statement of the law. It was sufficiently tailored to the facts to be free of

error. A trial court may choose its own language in drafting instructions and is not bound to adopt wording preferred by counsel. State v. Jones, 193 N.W.2d 509 (Iowa 1972). Counsel sometimes seek to have instructions drawn in words which exactly echo those given in testimony. There may or may not be some tactical advantage in arguing upon an instruction which exactly repeats words heard in testimony. However no party has the right to instructions with such wording. There was no error in the instruction. See 5B C.J.S. Appeal and Error, § 1904, page 387, and 5 Am.Jur.2d, Appeal and Error, section 810, page 251.

IV. Defendant most strenuously argues the $75,000 verdict was excessive. It is suggested a remittitur is necessary in order to avoid the impression this amount is now our view of the worth of an ordinary whiplash injury. We do not believe such an impression can fairly arise because this is far from an ordinary whiplash injury.

■ We view the evidence in its light most favorable to the verdict and need only consider the evidence favorable to the plaintiff, whether it is contradicted or not. Dobson v. Jewell, 189 N.W.2d 547 (Iowa 1971). We have many times said "(i)t is not for us to invade the province of the jury. In fact a verdict will not be set aside or altered unless it is, (1) flagrantly excessive or inadequate; or (2) so out of reason as to shock the conscience or sense of justice; or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive; or (4) is lacking in evidential support." Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 659 (Iowa 1969). See also Pagitt v. City of Keokuk, 206 N.W.2d 700 (Iowa 1973); Ives v. Swift & Company, 183 N.W.2d 172 (Iowa 1971), and Rosenau v. City of Estherville, 199 N.W.2d 125 (Iowa 1972). In considering whether a verdict infringes against these tests reference should be made to our comment in Mazur v. Grantham, 255 Iowa 1292, 1303, 125 N.W.2d 807, 814, where we said:

"* * * It seems fundamental the most important of these [considerations] is support in the evidence. If the verdict has support in the evidence the others will hardly arise, if it lacks support they may all arise. The real question in most cases, and here, is the amount and sufficiency of evidence to support the award made. Certainly where the verdict is within a reasonable range as indicated by the evidence the court should not interfere with what is primarily a jury question."

We turn then to the plaintiff's evidence of his injury.

■ On the day of the accident plaintiff experienced pain which within a week developed into muscle spasms, head roar, and high pitched ringing in the ears. That week he was hospitalized for extensive physical therapy including traction. Plaintiff was eventually referred to an orthopedic specialist who treated him without success during 1968. In January of 1969 plaintiff went to Mayo Clinic in Rochester, Minnesota and was treated by specialists there. On their advice plaintiff purchased a "baker" which he uses at home twice daily.

In March of 1969 plaintiff re-entered Mayo Clinic in what had become and remains a desperate attempt to escape the excruciating pain which he constantly suffers. Thereafter he unsuccessfully sought treatment from a chiropractor and from osteopathic physicians in Des Moines and was treated by a physical therapist in Dallas, Texas.

Plaintiff relied heavily on the testimony of his family physician Dr. H. R. Light. Dr. Light possesses uncommon professional credentials. A Phi Beta Kappa scholar as an undergraduate he was elected to a similar honor as a medical student. His professional standing as a family medical practitioner is likewise impressive. He testified:

"I also have the opinion that he has made as much recovery as he probably will

make and I also have the opinion that he will probably not be able to do physical work again. I also have the opinion that his insomnia will continue and that his pain and discomfort will continue and that the chances are that the pain will become more severe as time goes on. I regard Mr. Turner's physical condition as permanent and that he will require medical treatment and hospitalization and I would estimate the approximate cost at $1000 a year.

"I have done all that I know how to provide a cure to the injuries suffered by him as a result of the accident and I have obtained all of the special consultation and treatment, such as that provided by the Mayo Clinic and Dr. Bunton, as I feel will be helpful to him. Mr. Turner has been a cooperative patient and to the best of my knowledge, he has cooperated very well."

Other testimony corroborates the plaintiff's claim he is in constant pain, is not malingering, and has exhausted every means available to alleviate his suffering.

Plaintiff worked from eight a. m. to five p. m. six days a week before the accident but can now work but few hours daily. He can do no heavy lifting. He suffers from insomnia. The injury caused him to purchase a new home with a ground floor bedroom so he could avoid climbing stairs.

Prior to the accident plaintiff enjoyed a rather extensive social life. He was an active leader in the many groups he joined. For example he was a church deacon, president of a Sunday School club, Master of the Grange, and was active in scouting. Today he cannot even go to church because he cannot sit that long. The injury had a profound and adverse effect on the plaintiff's disposition as well as his health.

We believe the evidence supports the award of the jury. The judgment of the trial court must be and is

Affirmed.