572 N.W.2d 178 (1997)
In the Matter of the ESTATE OF Marie Brown DeTAR a/k/a Lois Marie Brown, Deceased,
Kathleen Jordan, Appellant.
No. 96-0588.
Court of Appeals of Iowa.
October 29, 1997.
*179 Kathleen Jordan, Longmont, CO, pro se, appellant.
Paul M. Goldsmith of Goldsmith Law Firm, Chariton, for appellees Brewer and Spaur, co-administrators of the estate.
Decided en banc.
SACKETT, Presiding Judge.
Appellant Kathleen Jordan, one of Marie Brown DeTar's eight children and an heir at law, appeals the trial court's approval of the administrators' final report in Marie's estate. We affirm.
Marie lived in a nursing home and was receiving assistance at the time of her death on February 13, 1994. She died intestate. Her husband, Eli DeTar, not the father of her children, had recently died and Marie had a claim pending against his estate. Ultimately, this claim was settled for about $26,000. Marie's probate inventory includes this claim and reports a net estate, after the payment of debts, of less than $10,000.
Jordan filed a number of objections throughout the probate proceedings, including attacks on the appointment of the administrators, the actions of the judges in the Eighth Judicial District of Iowa, and the work of attorneys, both attorneys for the estate and those involved in other matters.
This appeal concerns Jordan's objections to the January 19, 1995, final report, application for attorney fees, and request for approval of proposed distribution filed by the administrators. Judge Vogel denied Jordan's *180 claims and imposed sanctions against her, finding:
A complete review of the records makes it obvious that there is bitterness in the extreme by Kathleen Jordan aimed at her sisters Carolyn Brewer and Barbara Spaur. It is uncertain just how long that bitterness has existed or how it started but it most certainly commenced prior to July 12, 1991, when Jordan's first objections were filed in the Guardianship and Conservatorship proceedings.
Iowa's Rule of Civil Procedure 80 provides in relevant part, "Counsel's signature to every motion, pleading or other paper shall be deemed a certificate that: Counsel has read the motion, pleading or other paper; that to the best of counsel's knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation .... If a motion, pleading or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee. The signature of the party who is not represented by counsel shall impose a similar obligation on such party." (Emphasis added.)
The Court now finds that the conduct and numerous filings, complaints and redundancy accomplished by Kathleen Jordan and Evelyn Orwig have been filed for improper purposes, not in good faith, in violation of the spirit of this rule and for the purposes of harassing the Co-Administrators and counsel for the Estate and to cause unnecessary delay and needlessly increase the costs of administering the Estate. Alone, the costs of defending the appeal in the Guardianship and Conservatorship proceedings exceeds Jordan and Orwig's combined expected final distribution from this Estate. In addition, their filings have caused much unnecessary delay and expense. Their portion of the proposed final distribution should be forfeited.
Jordan represents herself in this proceeding. She is not an Iowa lawyer. Iowa law dictates that her brief is judged by the same standard as a brief filed by an Iowa lawyer. See Metropolitan Jacobson Dev. Venture v. Board of Review of Des Moines, 476 N.W.2d 726, 729 (Iowa App.1991). The law does not judge by two standards, one of lawyers and another for non-lawyers. See id. All are expected to act with equal competence. Id. If a non-lawyer chooses to represent herself, she does so at her own risk. Kubik v. Burk, 540 N.W.2d 60, 63 (Iowa App.1995).
The Iowa Rules of Appellate Procedure govern the form and manner for briefs filed in the supreme court. Substantial departures from appellate procedures cannot be permitted on the basis that a non-lawyer is handling her own appeal. Simmons v. Brenton Nat'l Bank of Perry, 390 N.W.2d 143, 145 (Iowa App.1986). Jordan, in proceeding without a lawyer, does so at her own risk. Polk County v. Davis, 525 N.W.2d 434, 435 (Iowa App.1994).
Jordan's brief is not in compliance with the Iowa Rules of Appellate Procedure in a number of ways. The brief fails in nearly all instances to refer to where in the record the claimed errors arose and were preserved for review, and where in the record and the appendix the issues were decided.[1] Appellees have attempted to address *181 Jordan's challenges to Judge Vogel's order despite Jordan's failures to comply with the Iowa rules.
Such failures can lead to summary disposition of an appeal. Inghram v. Dairyland Mut. Ins. Co., 215 N.W.2d 239, 239 (Iowa 1974). We are not bound to consider a party's position when the brief fails to comply with the Iowa Rules of Appellate Procedure. See James v. Rosen, 203 N.W.2d 256 (Iowa 1972); Olson v. Olson, 180 N.W.2d 427 (Iowa 1970).
In some situations the court, as a matter of grace, will determine the appeal supplying our own efforts to do so. See Inghram, 215 N.W.2d at 240. We grant Jordan that grace only to the extent we believe we can do so without assuming a partisan role and undertaking her research and advocacy. See id.
Jordan's first contention is that In re Estate of Weidman, 476 N.W.2d 357 (Iowa 1991), should be overruled. She contends Weidman extends due process to heirs of estates with wills but not to heirs at law when the decedent dies intestate.
Weidman holds due process requires an executor to give notice by mail to all known or reasonably ascertainable heirs at law of the proceedings and time periods for filing claims. Id. at 361. The holding in Weidman does not suggest an administrator in an intestate estate has a lesser duty to the heirs at law. There is no merit to Jordan's argument on this issue.
Jordan's second contention is the district court incorrectly placed the burden of proof on her. The only reference in Jordan's brief to support her contention is to page two of the transcript where she contends the error occurred. There is no line reference in her brief. Iowa Rule of Appellate Procedure 14(a)(5) requires citation to the pertinent parts of the record. Jordan has failed to include the challenged ruling in the appendix. See Iowa R.App. P. 15(a). We have reviewed page two of the transcript. There is no support there for Jordan's contention that the burden of proof was placed on her. There is no basis for Jordan's challenge on this ground.
Jordan's third contention is the judges of the Eighth Judicial District committed judicial error during the administration of this estate. Jordan's brief fails to state how error was preserved and, while alleging nine errors and reciting certain alleged evidence, the brief makes no reference to where in the record this evidence appears and further fails to show where the evidence appears in the appendix. The only reference is to pages 49 to 76 of the transcript in support of her contention that Judge Vogel failed to examine the administrators. Jordan's brief is so deficient on this issue we do not consider this brief point. See Inghram, 215 N.W.2d at 239.
Jordan next contends the district court should not have appointed Barbara Spaur and Carolyn Brewer as co-administrators. Jordan objected to the appointment and after notice to her they were appointed. That *182 order was not appealed from within thirty days of its entry.
Iowa Code section 633.36 provides that "[a]ll orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared without notice." See In re Estate of Myers, 269 N.W.2d 127, 128 (Iowa 1978); In re Estate of Jarvis, 185 N.W.2d 753, 756 (Iowa 1971). No appeal being taken within thirty days of the order appointing the administrators, we are without jurisdiction to entertain this appeal. See Iowa R.App. P. 5(a); Gordon v. Wright County Bd. of Supervisors, 320 N.W.2d 565, 567 (Iowa 1982).
Jordan next contends the administrators breached their duty to the estate and to the beneficiaries. She alleges neither the attorney for the estate nor the administrators requested her social security number. We note her social security number does not appear on the probate inventory. She is receiving nothing from the estate; therefore, her social security number is not needed by the administrators for tax reporting purposes. If Jordan wishes the administrators to have her social security number, she should furnish it. The failure to include Jordan's social security number on the probate inventory is no reason to deny approval of the final report.
Jordan further complains the attorney for the estate refused to communicate with her except to send correspondence he was required to send to all heirs. She contends although she was represented by counsel at the time, her counsel said the attorney for the estate could correspond directly with her, but he failed to do so. Jordan cites no authority for her position. There is no basis for this argument and it is not a valid reason for reversing the trial court.
Jordan next complains about thirteen pieces of personal property Judge Vogel found to be of little consequence. She does not specify in her brief the specific items of personal property she contends are missing. From review of correspondence and prior objections, we believe the property she complains of is (1) a Sears sewing machine; (2) a set of white coffee mugs with a bird painted on each one; (3) approximately six tall clear brown tea glasses; (4) a stuffed Snoopy with one ear missing; (5) a serving platter, black on the bottom with "San Francisco" painted on the top; (6) a red fuzzy woman's robe; (7) numerous books, including one by Betty White and one about Minnie Pearl; and (8) her photograph, approximately 12" x 18", in a faded pink frame. Jordan contends she gifted this property to her mother, except for the red robe she only let her use. Jordan has failed to show her mother still possessed this property at the time of her death. There is no basis to her claim on this issue.
Jordan also contends there was something improper about a guardian ad litem fee for Marvin Colton, but again fails to show where in the record the fee was set or where in the record she raised the objection in the district court. We do not address this issue. Inghram, 215 N.W.2d at 239.
We notified the parties that we, on our own motion, were considering imposing sanctions against Jordan for filing a frivolous appeal. Jordan responded to our motion. We have considered her response.
We further consider that on July 11, 1996, Jordan wrote a letter to the attorney for the estate complaining about the personal property and other matters. Her letter closed with this paragraph:
You have chosen to ignore me so now you get to pay the price. I'm prepared to keep this tied up in the court indefinitely. I don't need the pennies the Administrators decided the heirs could divide so there is no reason why I would care if my mother's estate ever closes.
The letter is evidence of Jordan's intent to utilize the Iowa court system for an improper purpose. Our review of the issues Jordan raises on appeal convinces us she has utilized the appeal process for an improper purpose. She represents herself in these proceedings. We determine sanctions should be assessed against her and we enter judgment against her for $500 to be taxed as costs.
AFFIRMED.
STREIT, J., takes no part.
NOTES
[1] Rule of Appellate Procedure 14 provides in part:

(a) Appellant's brief. The brief of appellant shall contain under appropriate headings and in the following order:
....
(4) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings and the disposition of the case in the trial court. It shall then recite the facts relevant to the issues presented for review. All portions of the statement shall be supported by appropriate references to the record or the appendix in accordance with subdivision (g).
(5) An argument. The argument may be preceded by a summary. The argument shall contain in separately numbered divisions corresponding to the separately stated issues the contentions of appellant with respect to the issues presented and the reasons therefor, with citations to the authorities relied on and to the pertinent parts of the record in accordance with subdivision (g). Each division of the argument shall begin with a discussion, citing relevant authority, concerning the scope or standard of appellate review (e.g., "on error," "abuse of discretion," "de novo") and shall state how the issue was preserved for review, with references to the places in the record where the issue was raised and decided.
....
(g) References in briefs to the record. Proof briefs shall contain appropriate references to the pages of the parts of the record involved, e.g., Petition p. 6, Judgment p. 5, Transcript p. 298. References in the final briefs to portions of the record shall be to the pages of the appendix at which those parts appear. If references are made in the briefs to parts of the record not reproduced in the appendix, the references shall be to the pages of the parts of the record involved, e.g., Answer p. 7, Motion for Judgment p. 2, Transcript p. 231. Intelligible abbreviations may be used. If reference is made to evidence, the admissibility of which is in controversy, reference shall be made to the pages of the appendix or of the transcript at which the evidence was identified, offered and received or rejected.