**IN THE COURT OF APPEALS OF IOWA**

No. 14-1105
Filed April 22, 2015

**FIRST FEDERAL CREDIT UNION,**
     Plaintiff-Appellee,

**vs.**

**LAURIE A. STRIBLING and**
**JON M. STRIBLING,**
     Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Linn County, Paul D. Miller, Judge.

        Laurie and Jon Stribling appeal from summary judgment entered in favor of First Federal Credit Union in this replevin action.  **AFFIRMED.**

        Jon Stribling and Laurie Stribling, Cedar Rapids, appellants pro se.

        Wesley B. Huisinga, Marty L. Stoll, and Nancy J. Penner of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Laurie and Jon Stribling appeal from summary judgment entered in favor of First Federal Credit Union in this replevin action.

The following facts are not in dispute. On or about May 19, 2011, the Striblings made, executed, and delivered to First Federal a promissory note in the original principal amount of $8,042, with interest thereon at the rate of 6.75% per annum. On or about April 9, 2012, the Striblings made, executed, and delivered to First Federal a promissory note in the original principal amount of $24,291.43, with interest thereon at the rate of 7.99% per annum. The promissory notes include security agreements by which the Striblings granted to First Federal a security interest in a 2004 Keystone Hornet Sport travel trailer, and a 2007 Harley Davidson motorcycle. The security interest in both of the vehicles granted by the Striblings to First Federal is reflected and noted on the respective certificates of title. The Striblings defaulted on the loans by failing to make payments when due. Notices to cure default were provided to the Striblings. Because of continuing defaults, First Federal accelerated the loans and made demand for payment in full. The promissory notes, together with the security agreements, provide that upon the Striblings' default, First Federal is entitled to repossess and sell the collateral/vehicles. First Federal sought replevin of collateral securing the loans made to the Striblings. First Federal filed a motion for summary judgment, which was supported by exhibits and affidavits, which the district court granted.

Iowa Rule of Civil Procedure 1.981(3) provides summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The district court ruled the Striblings' filings raised no legal defense to the petition or any genuine issues of material fact that would preclude summary judgment.

The Striblings' appeal filing[1] offers an explanation about why they were not current on their payments to First Federal and they have endured a plight with which we sympathize, but the Striblings do not establish the district court erred in entering judgment for First Federal. Finding no error,[2] we affirm without further opinion. Iowa R. App. P. 6.1203(a), (d).

**AFFIRMED.**

---

[1] The Iowa Rules of Appellate Procedure govern the form and manner for briefs filed in the appellate court, including requirements that a party provide a statement of the issue presented, the standard of review, and an argument and supporting authority. Iowa R. App. P. 6.903(2). The appellants' filing does not conform to any of the requirements of our appellate rules. Substantial departures from appellate procedures are not permitted on the basis that a non-lawyer is handling the appeal. *In re Estate of DeTar*, 572 N.W.2d 178, 181 (Iowa Ct. App. 1997). Such failures to follow the rules can lead to summary disposition of an appeal. *Id.*; *see also* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.).

[2] "'We review a district court's ruling on summary judgment for correction of errors of law.'" *Veatch v. City of Waverly*, 858 N.W.2d 1, 6 (Iowa 2015) (citation omitted).