**IN THE COURT OF APPEALS OF IOWA**

No. 15-1847
Filed October 12, 2016

**KRIS KOESTNER,**
        Plaintiff-Appellee,

**vs.**

**MARGEL STEWART,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Lucy J. Gamon (motion for recusal and second motion to dismiss), and E. Richard Meadows Jr. (first motion to dismiss), Judges.


        The defendant appeals various orders of the district court in this foreclosure proceeding. **AFFIRMED.**


        Michael R. Brown of Brown Law Office, P.C., Fairfield, for appellant.

        George W. Appleby of Carney and Appleby P.L.C., Des Moines, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Margel Stewart appeals the district court's denial of her two motions to dismiss the foreclosure proceeding against her and the district court's refusal to grant her motion to recuse the judge.

"The Iowa Rules of Appellate Procedure govern the form and manner for briefs filed in the supreme court." *In re Estate of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997). Stewart's brief in this case fails to comply with the rules in a number of ways, the most important of which is the complete absence of an argument section as required by rule 6.903(2)(g). In the argument section, there needs to be a statement regarding how the issues presented were preserved for appellate review with citations to the record, there needs to be a statement addressing our scope and standard of review with cites to relevant authority, and there needs to be a statement of argument containing the contentions the appellant makes with citations to the record and authority to support the claims. *See* Iowa R. App. P. 6.903(2)(g)(1)–(3). As noted in our rules, "Failure to cite authority in support of an issue may be deemed a waiver of that issue." *Id.* "We are not bound to consider a party's position when the brief fails to comply with the Iowa Rules of Appellate Procedure." *DeTar*, 572 N.W.2d at 181.

Even if we overlook the complete absence of an argument section and decipher Stewart's claims from her "Course of Proceedings" and "Statement of Facts" sections of her brief, we conclude no error at law occurred at the district court. Stewart's first motion to dismiss was denied because the extension agreement that Stewart sought to enforce in the motion to dismiss never became effective due to Stewart's failure to comply with a condition precedent to pay all

the past due interest on the note. *See Khabbaz v. Swartz*, 319 N.W.2d 279, 284 (Iowa 1982) ("Nonperformance of a condition precedent vitiates a contract or a proposed contract."). The second motion to dismiss was correctly denied as the motion was untimely and required the court to consider facts not contained in the pleadings. *See Riediger v. Marrland Dev. Corp.*, 253 N.W.2d 915, 916 (Iowa 1977) (noting a motion to dismiss must be filed before the answer and "[a] motion to dismiss must stand or fall on the matter alleged in the petition. It can neither rely on facts not alleged (except those of which judicial notice may be taken) nor may it be aided by an evidentiary hearing"). Finally, the court did not abuse its discretion in denying Stewart's oral motion to recuse the judge as Stewart failed to present evidence to support her belief that the judge could not be impartial in this case. *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) ("The burden of showing grounds for recusal is on the party seeking recusal.").

We therefore affirm the district court's decisions on these motions by memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**