NESBITT, Judge.
A primary insurer appeals an award of post-verdict interest and appellate bond costs to an excess insurer. We affirm.
A jury awarded an insured $880,000 with a cost judgment of $16,246.08. After the judgments were affirmed by this court, the primary carrier, Insurance Company of the State of Pennsylvania (Penn) paid $500,000 toward the principal of the total award and $104,054.74 in interest. The excess carrier, Puritan Insurance Company (Puritan) paid $380,000 in principal and $79,081.64 in interest. Each insurer posted a supersedeas bond for its portion of liability. Penn then filed a cross-claim for declaratory judgment as to the amount each insurer was obligated to pay. Puritan, by cross-claim, requested that the court find Penn responsible for the full amount of interest Puritan had advanced. The trial court held in Puritan’s favor.
Florida law provides that the liability of the insurer under the standard interest clause extends to interest on the entire amount of the judgment where there is no excess carrier. Highway Cas. Co. v. Johnston, 104 So.2d 734 (Fla.1958); Allstate Ins. Co. v. Warren, 125 So.2d 886 (Fla. 3d DCA), cert. denied, 131 So.2d 201 (Fla. 1961); Perez v. Otero, 415 So.2d 101 (Fla. 3d DCA 1982).
Penn argues that because both the primary and excess insurers were responsible for funds due the insured, the companies should share on a pro rata basis the interest costs incurred. Had both carriers assumed identical obligations, that solution may have been considered. In the case sub judice, however, the insurers’ contracts were not duplicate.
Penn’s contract of primary insurance coverage states:
[t]he company will pay, in addition to the applicable limit of liability ... all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company’s liability thereon [and] premiums on appeal bonds required in any suit....
Puritan’s excess policy provides:
As respects occurrences covered under this policy, but not covered under the underlying insurance or under any other collectible insurance, the company shall ... pay all premiums on appeal bonds ... and all interest accruing after the entry of judgment.
Primary carrier Penn expressly promised to pay all interest expenses. Excess carrier Puritan’s promise was limited to those-cases in which no underlying insurer had assumed the obligation. The obligation of a primary insurer is contractual in nature and is here preemptive over the secondary excess carrier’s obligation. See Auto Owners Ins. Co. v. Palm Beach County, 157 So.2d 820 (Fla. 2d DCA 1963), cert. denied, 165 So.2d 176 (Fla.1964).
Accordingly, the decision of the trial court is affirmed.