**ACCEPTANCE INSURANCE COMPANY, Appellant,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Appellee.**

No. 90–560.

Supreme Court of Iowa.

June 19, 1991.

Rehearing Denied July 17, 1991.

John D. Sens and Andrew M. Johnson, Wintroub, Rinden, Okun & Sens, Minneapolis, Minn., and Des Moines, for appellant.

David L. Phipps and Thomas Henderson, Whitfield, Musgrave & Eddy, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

This case presents the question of whether a primary insurance carrier or an umbrella insurance carrier is liable for court costs and post-judgment interest which accrued on a judgment entered against a mutual insured. The district court determined that the primary insurance carrier was liable for both amounts. We agree and affirm.

I. *Background facts and proceedings.* Cherie Burkis sued Contemporary Industries Midwest, Inc. (Contemporary) for injuries she received in an accident with an intoxicated driver. Burkis alleged that Contemporary was liable to her, under Iowa's Dram Shop Act, because Contemporary sold the intoxicated driver alcoholic beverages. *See* Iowa Code § 123.92 (1985).

Two insurance policies provided Contemporary coverage for dram shop liability at the time of Burkis' suit. Acceptance Insurance Company (Acceptance) issued a policy providing primary insurance coverage with a policy limit of $300,000. United States Fire Insurance Company (U.S. Fire) was the umbrella insurance carrier providing coverage for liability in excess of $300,000 and up to $10,000,000.

Burkis prevailed in her lawsuit and judgment was entered against Contemporary in the amount of $1,375,000. Contemporary appealed and our court of appeals affirmed the district court judgment. *See Burkis v. Contemporary Indus. Midwest, Inc.,* 435 N.W.2d 397 (Iowa App.1988). Contemporary applied for further review of that decision, which we denied.

Acceptance and U.S. Fire then satisfied the judgment against Contemporary. Acceptance paid $300,000 and U.S. Fire paid the balance of the principal of the judgment. The insurance companies, however, could not agree on which of them was liable for court costs and post-judgment interest. In an effort to resolve their dispute, Acceptance and U.S. Fire entered into an agreement whereby Acceptance agreed to pay the amounts due Burkis for post-judgment interest and court costs. The agreement, however, reserved Acceptance's right to sue U.S. Fire to recover those amounts.

Acceptance then filed the present declaratory judgment action seeking to establish that U.S. Fire was obligated to pay all, or in the alternative a pro-rata share, of the post-judgment interest and court costs. U.S. Fire counterclaimed, seeking a declaratory judgment that Acceptance was liable for the post-judgment interest and court costs.

Thereafter, U.S. Fire filed a motion, which the district court treated as a motion for summary judgment. The court granted U.S. Fire's motion, ruling that Acceptance was liable to pay the post-judgment interest and court costs.

We now must decide whether the district court erred in granting U.S. Fire's summary judgment motion.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Iowa R.Civ.P. 237(c). Under that standard, if the conflict in the record concerns only the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d 422, 423 (Iowa 1988).

■ II. *The policies' provisions.* Acceptance provided Contemporary primary insurance coverage against dram shop actions at the time of the Burkis suit. The policy, issued by Acceptance, provided that if insurance coverage was afforded by it, Acceptance shall pay:

all costs taxed against the insured in any such suit, ... [and] all interest accruing after entry of judgment until [Acceptance] had paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of [Acceptance's] liability....

The policy further provided that Acceptance's liability for post-judgment interest and costs was in addition to the applicable limit of liability provided by the policy.

U.S. Fire provided umbrella insurance coverage to Contemporary. That umbrella policy included a provision whereby:

> With respect to any occurrence covered by the terms and conditions of this policy, *but not covered ... by any other underlying insurance collectible by the insured,* [U.S. Fire] shall:
>
> ....
>
> (c) pay ... all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon.

(Emphasis added.)

Clear and unambiguous language of insurance policies must be given its plain meaning. *See Bjork v. Dairyland Ins. Co.,* 174 N.W.2d 379, 383 (Iowa 1970); Iowa R.App.P. 14(f)(14) (in construction of written contracts, except in the case of ambiguity, what the contract says controls). The policy issued by Acceptance, without ambiguity, as applicable here, establishes that Acceptance contracted to pay all court costs and post-judgment interest connected with Burkis' suit against Contemporary. U.S. Fire's policy is also unambiguous and establishes that it agreed to pay court costs and post-judgment interest only when those expenses are covered under its policy and not covered by any other underlying insurance collectible by the insured. In agreement with the district court, we believe that, based on the plain language of the policies, Acceptance, the primary insurer, is liable to pay the post-judgment interest and court costs resulting from Burkis' lawsuit against Contemporary.

We note that our conclusion is in accord with other jurisdictions that have considered this same issue. *See Providence Washington Ins. Co. v. Fireman's Fund Ins. Co.,* 778 P.2d 200 (Alaska 1989); *Insurance Co. v. Puritan Ins. Co.,* 532 So.2d 35 (Fla.Dist.Ct.App.1988); *Hartford Accident & Indem. Co. v. Aetna Ins. Co.,* 132 Ill.2d 79, 138 Ill.Dec. 145, 547 N.E.2d 114 (1989). In addition, our case law generally supports the result reached in the present case. *See Grinnell Mut. Reins. Co. v. Globe Am. Casualty Co.,* 426 N.W.2d 635, 638 (Iowa 1988) (excess carrier is liable only to the extent that a pro-rata insurance policy fails to satisfy a claim); *Farm Bureau Mut. Ins. Co. v. Milne,* 424 N.W.2d at 424 (Iowa 1988) (citing several jurisdictions that impose liability on a primary insurer for post-judgment interest on the entire damage award, regardless of that insurer's policy limits with the insured).

■ III. *Acceptance's equity argument.* Acceptance argues that because most of the post-judgment interest accrued on the principal amount of damages that U.S. Fire was ultimately obligated to pay, U.S. Fire should be liable for the interest on that principal amount. Acceptance suggests that forcing it to pay the entire amount of post-judgment interest is inequitable.

For the following reasons we find Acceptance's equity argument without merit. First, it is equitable that Acceptance pay the post-judgment interest and court cost award because Acceptance contracted in its policy to pay those expenses and presumably considered its exposure to pay court costs and post-judgment interest when it established the premium that it would charge Contemporary. That is contrary to U.S. Fire's position, which, by the plain language of its policy, did not assume the risk of court costs and post-judgment interest in this case and, therefore, probably did not charge a premium commensurate with that risk. *Accord Hartford Accident & Indem. Co. v. Aetna Ins. Co.,* 132 Ill.2d at 85, 138 Ill.Dec. at 147–48, 547 N.E.2d at 116–17.

Secondly, Acceptance at all times had the option of tendering its policy limits into court on the Burkis judgment, thereby, under the terms of its policy, releasing itself from any liability for further costs or interest. *Compare Starke v. Horak,* 260 N.W.2d 406, 407 (Iowa 1977). Rather than

doing so, Acceptance chose to prosecute the appeal of the Burkis suit. Based on that choice, it is hardly in a position to complain about accrual of post-judgment interest at this point. *Accord Providence Washington Ins. Co. v. Fireman's Fund Ins. Co.*, 778 P.2d at 204 n. 6.

IV. *Disposition.* All other issues raised have been considered, and we find them without merit or unnecessary to discuss.

We conclude the district court correctly granted U.S. Fire summary judgment, ruling that Acceptance was liable to pay post-judgment interest and court costs accrued against Contemporary in the Burkis suit. The judgment of the district court is affirmed.

AFFIRMED.